GEORGE FLOYD v. THE STATE.

No. 7026.   Decided January 17, 1923.

**Soliciting—Voluntary Confession.**

Where, upon trial of soliciting, the State introduced certain confessions and declarations of appellant, which were controverted by the defendant as not being voluntary, he should have been permitted to offer testimony showing the alleged conduct of the officer, touching upon the immediate circumstances which were calculated to influence the accused in making the confession, and the refusal to do so was reversible error. Following Williams v. State, 88 Texas Crim. Rep., 87.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of soliciting; penalty, a fine of $50.00 and 30 days confinement in the county jail.

*Shields Heyser, Ed Walsh* and *H. D. Bishop,* for appellant. On question of confession, Smith v. State, 10 Texas Crim. App., 420; Barnett v. State, 17 id., 191.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant is condemned to pay a fine of fifty dollars and suffer confinement in the county jail for a period of thirty days for the offense of soliciting.

The appellant was an employee of the Kemp Hotel. It is the State's theory that he conducted a woman, who was a guest of the hotel, to the room of a man, who was also a guest, for immoral purposes. Appellant was arrested by a hotel detective. This detective described the appellant's conduct and testified to a declaration, which was used as an admission of guilt. The State also introduced in evidence the written confession of the appellant which, in substance, was that he was a bell-boy in the hotel; that a white woman in the hotel asked him

if a girl could make any money there; that he told her that Mr. Johnson would not permit it. Later in the day, a man in one of the rooms of the hotel asked the appellant to tell the woman in a certain room to come to his room. The appellant showed the woman, where the man's room was. She entered the room and Johnson, the officer, immediately knocked upon the door. When it was opened, she was sitting on the bed in the room in which there were two men. Johnson, the officer, who arrested the appellant, was present at the time the written confession was taken and testified to its authenticity. He also signed it as a witness.

The appellant controverted by his testimony the confession and its voluntary character. He offered proof that before he made the confession, the woman in the case was, in his presence, very roughly handled by the arresting officer; that the arresting officer sought to force a confession of each of them and that they each denied any criminal act; that this occurred immediately after the arrest and while they were still in the hotel; that the officer wrenched the arms of the woman causing blood to run from her wrist, and jerked her downstairs and exhibited her to the public, thereby causing her pain and humiliation. We think this testimony was admissible under all of the facts in the case as bearing upon the voluntary character of the declaration which the appellant made, according to the arresting officer Johnson, in his presence, and also as bearing upon the voluntary character of the written confession. The alleged conduct of the officer was one of the circumstances connected with the making of the confession in both instances. On the issue touching the voluntary character of the confession, the accused was entitled to have the jury informed touching all of the immediate circumstances which were calculated to influence the accused in making the confession. In excluding the proffered evidence the Court fell into error. Williams v. State, 88 Texas Crim. Rep., 87.

No prosecution was established against the woman and the evidence against the appellant is more or less inconclusive.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*