## E. D. Pahlka v. The State.

### No. 8965.   Delivered April 29, 1925.

1.—Violating Liquor Law—Statement of Facts—Not Considered.

The statement of facts, sent up in this case, is in question and answer form in its entirety, in violation of the instructions and rules of the statute and an unbroken line of decisions by this court, continuously since its organization. This statement of facts will not be considered.

2.—Same—Bills of Exceptions—Defective—Not Considered.

A number of bills of exceptions are found in the record, not one of which is prepared in compliance with the statute, or the rules laid down by this court. Objections are set out in some of these bills, without stating the facts relied upon, nor in any intelligent way presenting the errors complained of. Others are to rulings of the court, made at the instance of appellant, while others show on their face that no exceptions were reserved to the rulings complained of. None of them can be considered by us.

3.—Same—Continuance—Properly Refused.

Where in a motion for a new trial complaint is made of the refusal of a continuance on account of the absence of a witness by whom certain facts were expected to be proven, and the state contesting the motion filed an affidavit of said witness, that he would not testify to the facts set out in the motion, the new trial was properly refused.

Appeal from the District Court of Caldwell County.   Tried below before the Hon. Geo. Calhoun, Judge.

'Appeal from a conviction of keeping his premises for the purpose of manufacturing and storing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Caldwell County of keeping his premises for the purpose of manufacturing and storing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The record is before us without any statements of facts. There is filed in question and answer form what purports to be a transcript of the evidence but we cannot consider same. A number of appellant's bills of exception are in such form as that we cannot consider them. A bill which merely states that certain matters were objected to, setting forth the objections but containing no statement that the facts thus stated as objections are correct or true, is not in form to bring before us for review the matter thus complained of. This fact has been stated so often that authorities need not be cited.

Bill of exceptions No. 3 states at length a matter as being objected to, but under the qualification of the learned trial judge it appears that no exception was in fact taken. It is set out in the qualification that witness made rather a lengthy statement at the close of which appellant said, ''We want this evidence withdrawn from the jury,'' etc., etc. Thereupon the court instructed the jury not to consider certain parts of said statement which he deemed objectionable, and this appeared to be satisfactory as no further exception is revealed by the bill.

The next bill of exceptions set out a matter to which it stated an objection was made, whereupon the court instructed the jury not to consider certain parts of it, and appellant then stated that he would renew the objection made by him to the refusal of the court to withdraw the jury. We find no statement of any reason why the jury should be withdrawn, or any request appearing that they should be withdrawn.

After the State closed its testimony appellant asked a continuance, which was refused. When the motion for new trial, based in part on the refusal of the continuance, was presented, the State controverted the matters set up in the application for continuance and presented an affidavit from the witness for whom the continuance was asked, in which affidavit the witness swore that he

would not state the matters set up as expected from him. The refusal of the continuance and the motion for new trial were both proper. We have not discussed at length those bills of exception which but present the objections without stating the facts supporting same.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*