### JUAN SANCHEZ v. THE STATE.

No. 12994. Delivered March 5, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 267.

The opinion states the case.

Jas. M. Taylor of Corpus Christi, for appellant.

A. A. Dawson of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of equipment, mash and still for manufacturing liquor capable of producing intoxication; penalty, one year in the penitentiary.

Officers searching the residence of the appellant found therein two stills and what they described as two hundred and seventy-five gallons of "whiskey mash."

Officers operated under a search warrant and three bills of exception appear in the transcript, each of them reciting: "Be it remembered, that upon the trial of the above styled and numbered cause the State offered in evidence before the Court the search warrant and affidavit, which search warrant and affidavit is as follows." Here follows copy of affidavit and search warrant. Various objections appear to the introduction of these instruments "before the Court." If there was any objection to reading these instruments before the jury or if any objection was made to the testimony of the officers touching the result of the search, we do not find it in the record. We fail to perceive how the mere reading of these instruments to the Court could have injured appellant and this appears to be the only question presented by these bills.

We find testimony apparently inadmissible in the statement of facts but no bills of exception are brought forward presenting such matters for review.

The sentence appearing in the transcript charges appellant to be guilty of a "violation of the liquor law." There is no such offense. Ragusin v. State, 105 Tex. Crim. Rep. 218. The verdict of the jury finds appellant guilty of the second count in the indictment, which is for the offense above mentioned. The sentence will be corrected to conform to the verdict and appellant will be adjudged guilty of the offense of the unlawful possession of equipment, mash and still for manufacturing liquor capable of producing intoxication.

As reformed, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Each bill of exception complaining of the introduction of the affidavit and the search warrant itself, specifically states that the objection was to the introduction of said documents "Before the court." As far as we know when objections are made to the introduction of evidence of what may have been found by officers upon a search of the premises of another, the record should reflect some showing made to the trial court from which he may determine whether the objections be supported or should be overruled, and we know of no way by which this showing may be satisfactorily made except by submitting for the court's inspection the instruments themselves. No case holds that it is erroneous for such instruments to be placed before the court, and bills of exception complaining of any improper use of these documents would have to go further and show more than that they were put "before the court." This, of course, means "Before the judge." We can not accept or act upon suggestions in motions or briefs first filed in this court asserting that things appearing in the record as made by the proper officials of the trial court,—are incorrect. Ordinarily we are bound by the record made in the trial court and reflected by the transcript and statement of facts. Attack, if at all, upon these must be made in some regular and legal way. We find nothing of that kind in this record.

The motion for rehearing will be overruled.

*Overruled.*