# NOVEMBER 23, 1938

### W. N. DYKES v. THE STATE.

No. 19936.  Delivered November 23, 1938.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

On the 2d of August, 1937, an automobile was stolen from Jim Rogers. According to the testimony of Muldrew Westbrook, appellant and Bob Lynch brought an automobile to his house on the 3d of August, 1937. He loaned them thirty dollars on the car and they left. According to appellant's written statement, which the State introduced in evidence, he stole the automobile and sold it to Westbrook. Also the statement was to the effect that Westbrook knew the car was stolen at the time he bought it. The car was found in the possession of Westbrook and returned to Jim Rogers, the owner.

·Testifying in his own behalf, appellant repudiated his confession. He said: "He [referring to one of the officers] was kind of treating everybody rough around there and threatened to beat me up pretty bad, and everything else. And he also told me if I would make the statement he would see that I

didn't serve a day. He said he would serve every day · that I served with me. He told me that that was the best thing for me to do, to make the statement, and that he would see me through." According to appellant's version, he did not see the automobile until Bob Lynch asked him to go to Brownwood with him in it. Lynch told him that the car belonged to his sister. Appellant testified that he had nothing to do with selling the car to Westbrook. The officer who took appellant's statement denied that appellant received any mistreatment at his hands, and further denied that he had promised to aid appellant.

In view of appellant's contention that, prior to the time he made his statement, the arresting officer threatened to whip him, we think appellant should have been permitted to testify that he had been placed in a cell with several prisoners who appeared to have been beaten up. When he offered to give such testimony the State objected and the objection was sustained.

Bill of exception No. 5 certifies error. It is shown in said bill that Jim Rogers, the injured party, had been placed under the rule; that he had disobeyed the instructions of the court and had remained in the courtroom throughout the testimony given by appellant; that notwithstanding he had heard material testimony by appellant, he was recalled to the witness stand and gave testimony as to the motor number of his automobile. The trial court certifies in the bill that the testimony of the witness was given "in direct violation of the object of placing said witness under the rule and was prejudicial to the rights of the defendant herein and was an abuse of the discretion of the court in permitting the State to reopen said case and offer testimony of a direct nature by a witness who had remained in the courtroom and heard material testimony while under the rule of the court." In view of this certificate, we are constrained to hold that the bill reflects reversible error. In McKee v. State, 34 S. W. (2d) 593, Judge Hawkins, speaking for the Court, used language as follows:

"We are quite sure the learned trial judge did not intend to certify that the argument was prejudicial and uncalled for, and that if he had thought so he would have granted a new trial. He doubtless understood the bill to be as contended for by the State, but the bill is before us and must be appraised on its face. The portion of the bill referred to does not appear as a ground of objection to the argument, nor as reasons for excepting to the ruling of the court, but appears as a statement

of a fact. The bill is almost exactly like the one dealt with in Roberts v. State, 115 Texas Crim. Rep. 431, 27 S. W. (2d) 159."

See, also, Traylor v. State, 47 S. W. (2d) 310; Horton v. State, 61 S. W. (2d) 843; Bryan v. State, 70 S. W. (2d) 715; Reeves v. State, 35 S. W. (2d) 713.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.