J. S. (SID) CLARY v. THE STATE.

No. 21086. Delivered May 22, 1940.

334

The opinion states the case.

*Clem Fain, Jr.,* and *W. J. Tullos,* both of Livingston, and *S. F. Hill,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant killed the deceased on a Sunday morning after they had ridden around for quite a while in the deceased's automobile and imbibed rather freely of whisky. The State's testimony shows a deliberate murder without any excuse or justification. Appellant, who testified for himself, raised the

issue of self-defense. He claimed that the deceased made an attack upon him with a pocket knife.

Bill of Exception No. 2 reflects the following occurrence: After all the witnesses had been placed under the rule, the State called Roberta Thompkins, a ten year old girl, who was an eye-witness to the homicide. This child had never been in court. She was highly nervous, excited and crying. Thereupon the State requested the court to relax the rule as to Mrs. Thompkins so that she might sit beside the little girl while she gave testimony in behalf of the State. This request was granted to which appellant objected on the ground that the presence of the mother would have the effect of bolstering the testimony of the witness and would also leave the impression upon the jury that the mother was vouching for the testimony of her little daughter, and would in effect be placing two witnesses on the stand at the same time. The State did not use the mother as a witness but the defendant did. It is apparent from the bill that the child was in such a frame of mind that she had to be pacified and the mother was naturally best suited to successfully accomplish this object. Under the facts as disclosed by this bill, we see no error reflected therein. Whatever action the court, under the circumstances, deemed necessary rested within his discretion.

Bills of Exception Nos. 3, 4, 5, 6 and 7 all related to the dents and paint found by the officers on the stick with which the homicide was committed and a comparison of them with the dents upon the frame of the deceased's automobile showed that they corresponded in size, shape, etc. We see no error reflected in these bills.

Bill of Exception No. 8 is clearly without merit.

Bills of Exception Nos. 9, 10 and 11 are also without merit and are overruled.

Bill of Exception No. 12, reflects the following occurrence: When Mr. Foreman, who assisted in the prosecution, made the closing argument to the jury he said: "Whose been courting these witnesses? Sid Clary's been staying down there with them."

Appellant objected to the remarks because there was no testimony that he had been courting the witnesses since the alleged homicide; that it was an attempt to attribute to the defendant illegal motives and the same was prejudicial. This bill is deficient because there is no certificate by the court that

there was no evidence before the jury as a basis for the remark. It merely appears in appellant's grounds of objection. See Stone v. State, 265 S. W. 900; Pahlka v. State, 271 S. W. 899; Banks v. State, 97 S. W. (2d) 219, 131 Tex. Cr. R. 196.

Bill of Exception No. 13, shows that the special prosecutor, Z. L. Foreman, made the following remarks: "Now, when you jurors take this case and retire into that room there to consider your verdict, and when you come back in here and then file into the Clerk's office to get your little checks for your services here, and then go out into town to buy Christmas presents for your little children, remember that that little woman sitting there, Collis Rodgers' widow, and those little children of Collis' sitting here, that they haven't got any Daddy to bring them Christmas presents this Christmas."

Appellant objected thereto on the ground that there was no evidence that Collis Rodgers had any children; that the plight of the little children was prejudicial and inflammatory. The court certifies that he sustained the objection by appellant but that said remarks were of such potency and of such inflammatory character as to impress the minds of the jury indelibly which could not be erased. In our opinion, this is a certificate by the trial court showing error. We have said many times that when a court certifies that error was committed, this court would order a reversal of the case. See Smith v. State, 123 S. W. (2d) 655; Dykes v. State, 121 S. W. (2d) 603; Rehm v. State, 78 S. W. (2d) 983.

Bill of Exception No. 14 shows that the special prosecutor, in his closing argument to the jury, said: "Mr. Fain makes much of the fact that there were a bunch of people down there besides Roberta Thompkins who saw Sid Clary when he hit Collis with that club, and who we have subpoenaed here as witnesses and did not put them on the stand. They were subpoenaed by the State but they were here and they are sitting here now. Why didn't he put them on the stand? He didn't put them on the stand because he knows that we have taken statements from all of them and he is afraid to use them as witnesses."

Appellant in due time objected thereto on the ground that there was no evidence as a basis for the remarks; that the same were prejudicial in that the jury was led to believe that the State had taken statements from said witnesses which were damaging to the defendant. The court again certifies that the objection was sustained and the jury instructed not to consider

the same, but the harm which was done was of such force that it could not be withdrawn from the minds of the jurors. This argument was not justified by any evidence in the record and under the authority of Stanchel v. State, 89 Tex. Cr. R. 358, 231 S. W. 120, we feel constrained to reverse the judgment of the trial court and it is so ordered.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.