## HARVEY CHAMBLISS V. THE STATE.

No. 23633. Delivered April 9, 1947.

*Mays & Mays* and *Dave Miller,* all of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is aggravated assault. The punishment assessed is confinement in the county jail for a period of six months.

It was charged in the complaint and information that appellant, an adult male person, did commit an assault upon Mrs. Dorothy White, a female person.

The facts proven on the trial as the same appear in the record are ample to sustain the conviction.

By Bill of Exception No. 1 he complains of the following remarks made by the Assistant District Attorney in his opening argument to the jury, to-wit: "Gentlemen, the reason the complaining witness is not asking for this man to be convicted is because she is afraid that if she does, he will kill her." Appellant objected to the argument because the same was inflammatory, prejudicial, and not supported by any evidence, and was not a reasonable deduction from any evidence introduced, nor was it in response to any argument by defense counsel, and in addition thereto, requested that the jury be instructed not to

consider the same for any purpose. The objection was overruled and the requested instruction was not given. The trial court, in approving the bill, certifies that the argument was made; that the same was inflammatory, prejudicial, not supported by any evidence, and was not a reasonable deduction from any evidence introduced on the trial of the case. In view of the argument as set forth in the bill and the certificate by the trial court, this case will need to be reversed and remanded. If the trial court was of the opinion that the remark was not based on any evidence, was not a reasonable deduction from any evidence, and was prejudicial, he should have granted a new trial. See Clary v. State, 140 S. W. (2d) 456, Dykes v. State, 121 S. W. (2nd) 603, Rehm v. State, 78 S. W. (2d) 983, and cases there cited.

For the error herein pointed out, the judgment is reversed and the cause is remanded.

Hawkins, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.