B. E. McCOLLUM V. STATE.

No. 24935. November 1, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for driving an automobile upon a public highway while intoxicated; the punishment, a fine of $250 and ten days in jail.

We are confronted, at the outset, with the question as to whether the trial court has certified error in this case.

The driving of the automobile occurred in Coryell County, but, according to the state's contention, within four hundred yards of the Hamilton County line, where the venue of this case was laid and trial was had.

In Bill of Exception No. Two, which complains of the refusal of the trial court to instruct a verdict of "not guilty," we find this certificate, viz.:

"The Court erred in overruling defendant's Motion for an instructed verdict of 'Not Guilty' because the evidence on the part of the State is insufficient to convict the defendant as charged of operating a motor vehicle while intoxicated in Hamilton County, Texas, the evidence showing that he operated the vehicle in Coryell County, Texas, to which the defendant duly excepted and tenders this bill of exceptions no. two."

This bill of exception is approved by the trial court without qualification.

In Bill of Exception No. Two-A, complaining of the overruling of the motion for an instructed verdict, we find the following certificate, viz.:

"And be it further remembered that the Court after examining and considering said motion overruled the same to which defendant excepted, and the evidence on the part of the State was insufficient to convict the defendant, as charged, and the defendant offered no evidence, and it was not proven that defendant operated a motor vehicle while intoxicated upon the public highways of Hamilton County, Texas, and the defendant here now tenders his bill of exception no. Two-A, and asks the Court to approve and order the same filed as a part of the record in this case."

This bill of exception is approved by the trial court without qualification.

In Bill of Exception No. Three, complaining of argument of state's counsel, we find the following certificate:

"All of which statement and argument was not warranted by the evidence adduced, was not in the record and was highly prejudicial to the defendant and was calculated to inflame the minds of the jury against the defendant, and amounted to a reference to the failure of the defendant to testify in his own behalf, and defendant here now tenders his bill of exception No. Three and asks that the same be approved and ordered filed as a part of the record in this cause."

This bill of exception, also, is approved by the trial court without qualification.

It is apparent that the trial court has, in three instances, certified reversible error.

This court is bound by the record as made and certified by the trial court. We have no right or authority to deny or contradict it. 13 Tex. Digest, Criminal Law, Key 1111(3) is replete with supporting authorities.

A certificate of error by a trial judge requires a reversal of the case. Gomez v. State, 142 Tex. Cr. R. 219, 162 S. W. 2d 428; Smith v. State, 136 Tex. Cr. R. 53, 123 S. W. 2d 655; Hart v. State, 135 Tex. Cr. R. 565, 122 S. W. 2d 193; Dykes v. State, 135 Tex. Cr. R. 492, 121 S. W. 2d 603.

The state's attorney before this court concedes that a reversal is required under the certificates of the trial court.

For the errors mentioned, the judgment is reversed and the cause remanded.

Opinion approved by the court.