SAM HANER V. STATE

No. 32,153. June 22, 1960
Motion for Rehearing Overruled October 12, 1960

Appellant represented himself.

*R. L. Lattimore,* Criminal District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order entered February 10, 1960, revoking a suspended sentence.

The record before us discloses that appellant was on February 17, 1958, convicted in the district court of Hidalgo County of felony theft, his punishment assessed at two years, and upon the recommendation of the jury the sentence was suspended. It is further shown that appellant was on September 11, 1959, convicted in the United States District Court for the Eastern District of Texas under count one of the indictment for the offense of having in his possession on or about May 30, 1958, a check drawn on the Treasurer of the United States, knowing that the same had been stolen, for which offense he was committed to the custody of the attorney general to serve a period of eighteen (18) months. The disposition of count two of said indictment need not be discussed.

It was stipulated by appellant and his counsel that if the clerk of the said United States District Court were present she would testify that the docket and records of her court would show that no notice of appeal was given and that no appeal is now pending in the cause in which appellant was convicted in said court.

It was shown that appellant was in the custody of a United States Marshal at the time of the hearing on the motion to revoke and had been brought from the Federal correctional institution for the hearing.

Honorable Jim Bates, former district attorney of Hidalgo County, identified appellant as being the person to whom the suspended sentence had been granted in 1958, and further testified that he was present in the United States District Court at the time of appellant's conviction in said court and that he was the same person.

Appellant contends that there is no proof that the Federal court conviction was for a felony. The record reflects that appellant is confined under a sentence and commitment directing that he serve 18 months in a Federal correctional institution which shows, by such term of confinement, that the same is

for the commission of a felony. Edwards v. State, 134 Tex. Cr. Rep. 512, 116 S.W. 2d 711, and Cisneros v. State, 147 Tex. Cr. Rep. 123, 179 S.W. 2d 313.

Appellant's contention, and his testimony to the effect that the Federal conviction was not shown to be a final conviction, is foreclosed by the stipulation hereinabove set forth.

Appellant's last contention is that there was no proof that the offense for which he was convicted in the Federal court was committed after he received the suspended sentence in the State court. In discussing a similar contention in Cooper v. State, 155 Tex. Cr. Rep. 28, 230 S.W. 2d 818, this court said:

> The term 'good behavior' is defined by Article 777, Vernon's Ann. C.C.P., as meaning that the defendant shall not be convicted of any felony, etc. It does not limit that conviction to felonies, or other offenses described, which have occurred subsequent to the offense for which sentence was suspended."

Finding the evidence sufficient to sustain the order of the court and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In our opinion on original submission, we overruled appellant's contention that the Federal conviction, which is the basis for revocation of his suspended sentence, was not shown to be a final conviction because of the stipulation appearing in the record wherein appellant and his counsel stipulated that if the clerk of the United States District Court were present she would testify that the records of said court would show that no notice of appeal was given and that no appeal was pending in the cause.

Appellant, in his motion for rehearing, now contends that he did not agree to the stipulation and insists that he did appeal the Federal conviction.

This court is bound by the record as made and certified by the trial court. Sanchez v. State, 114 Tex. Cr. R. 651, 26 S.W. 2d 267 and McCollum v. State, 155 Tex. Cr. R. 219, 233 S.W. 2d 493. We must review the trial in the light of the approved

and certified statement of facts on file herein. Alvarez v. State, 159 Tex. Cr. R. 384, 264 S.W. 2d 110.

The statement of facts on file herein was agreed to and approved by counsel for appellant. In view of the stipulation contained therein, we remain convinced that a proper disposition was made of the case in our opinion on original submission.

The motion is overruled.

Opinion approved by the Court.