Kelly Mack BOWNDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35087.

Court of Criminal Appeals of Texas.

Dec. 5, 1962.

Brown & Shuman by Clifford W. Brown, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., James R. Edwards, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is arson; the punishment, two years.

The primary question in this case is the voluntary nature of the appellant's confession. On the issue of whether or not promises or inducements were offered him in order to get him to confess, it was shown, in the absence of the jury, that appellant and his co-principal, Wayne McCain, were suspected of having committed two separate offenses of arson. They were arrested at about the same time but interrogated separately. Shortly before he did confess, appellant, who was a high school student, was visited in the jail by his coach. Coach Boswell testified that he first talked to Chief of Police Martin, who told him that if appellant confessed, the two arson cases against him would be tried together as companion cases in one trial, that it was possible appellant could get probation, and that he would speak to the district attorney in appellant's behalf and then asked him to talk to appellant and see if he would sign a confession. Boswell further testified that he did speak to appellant and told him what the Chief had said prior to the time appellant signed the confession.

On making out its case in chief, the State called appellant's co-principal McCain. In the absence of the jury, on the issue of the voluntary nature of the confession, appellant adduced from McCain the testimony that Chief Martin, while questioning him prior to securing a confession from him (McCain), promised him that if he did confess, he (Martin) would file only one arson case against him and would help him get probation.

At the conclusion of McCain's testimony, appellant attempted to offer the testimony of the witness in the presence of the jury. We have concluded that the court erred in declining to admit such evidence.

■ Articles 82, Vernon's Ann.P.C., and 711, Vernon's Ann.C.C.P., do not apply where the witness is called by the State and is then sought to be cross-examined by appellant.

McCain's testimony was so strikingly similar to that of appellant (given in the absence of the jury) and that of Coach Boswell that it might well have led the jury to believe that the officer followed the practice in securing confessions of promising to dismiss or otherwise dispose of all but one case against an accused, thereby rendering him eligible for probation, and further promising to recommend probation in the case which remained. This, if true, would constitute such a forceful incentive to confess

for one caught in the toils of the law as to render his confession involuntary.

In Dykes v. State, 135 Tex.Cr.R. 492, 121 S.W.2d 603, where accused testified that the officer who had him in custody threatened to whip him prior to the time he confessed, this Court held it error to exclude his testimony that other inmates of the jail "appeared to have been beaten up."

In Floyd v. State, 93 Tex.Cr.R. 237, 246 S.W. 1040, this Court held it error to exclude testimony as to how other persons arrested at the same time as accused were treated by the officers who later secured a confession from accused. See also 1 Branch's Ann.P.C., 2nd Ed., sec. 120, p. 136.

██ We have concluded that the general rule that all material and relevant testimony on the question of the voluntary nature of the confession should be admitted finds application here and calls for a reversal of this conviction.