**Herbert BATISTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43378.**

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Desmond E. Gay, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, ten (10) years.

The first contention presented in the appellant's brief on appeal relates to the admission of certain hospital records. We quote from the record.

"Q. MR. RASMUS, Appellant's Counsel: Those records you have in your hand, are they pertaining to statements made by a doctor?

"A. Yes.

"MR. RASMUS: I'm going to object to questioning until I read the records, Your Honor.

"THE COURT: For that reason?

"MR. RASMUS: Your Honor, I think that I * * *

"THE COURT: But I say is that your objection, is that your reason?

"MR. RASMUS: Yes, sir.

"THE COURT: That's overruled. Let's go."

■ It was established that the Ben Taub Hospital was a public hospital in Harris County, Texas, operated by the Hospital District. The records were identified by the custodian of the official records of the hospital and were clearly admissible over the appellant's objection. His contention on appeal is that he did not have an opportunity to cross-examine the person who made the statement. Art. 3737e, Vernon's Ann.Civ.St. is applicable and authorizes the introduction of such records.

■ We find several contentions in the brief relating to argument. They are not presented in accordance with Art. 40.09, Vernon's Ann.C.C.P., Sec. 9. However, we have examined them and find that one of the arguments sought to be complained about concerns the State's discussion of the fact that appellant had failed to call three witnesses who were shown to be present at the time of the commission of the offense. It has been the consistent holding of this Court that the State's counsel may com-

ment upon the failure of the accused to call witnesses in his own behalf. Curtis v. State, 167 Tex.Cr.R. 536, 321 S.W.2d 587. Clary v. State, 139 Tex.Cr.R. 333, 140 S.W.2d 456, upon which appellant relies is easily distinguishable from the case before us here. The objectionable portion of the argument in Clary, supra, was, "He didn't put them on the stand because he knows that we have taken statements from all of them and he is afraid to use them as witnesses." That was the fact not proven in court upon which the reversal was predicated. It was clearly shown that the witnesses about which the prosecutor was discussing in the case at bar had been present and witnessed the affray and the prosecutor did not attempt to tell the jury that he had statements from the missing witnesses which would be injurious to appellant.

Finding no reversible error, the judgment is affirmed.