**Carl Randall PEPPARD**

v.

**The STATE of Texas.**

**No. 09 83 M 57.**

Court of Appeals of Texas, Beaumont.

April 6, 1983.

Jerry Holmes, Nederland, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

### ORDER

PER CURIAM.

The appellant in the above entitled and numbered cause has tendered for filing a transcript attempting to invoke our appellate jurisdiction to review a judgment of conviction. We have examined the proffered instrument and, from our examination, make the following findings which we now enter of record.

Appellant attempts to appeal from an order revoking probation and proceeding to an adjudication of guilt pursuant to the provisions of *Tex.Code Crim.Proc.Ann. art. 42.13, § 3d(b)* (Vernon Supp. 1982–1983).

An examination of the record in such cause discloses appellant proceeded to trial

upon information which is regular upon its face and not fundamentally erroneous in charging the offense of driving a motor vehicle while under the influence of intoxicating liquor. Appellant entered into a plea bargain, waived a trial by jury, entered into a stipulation of the evidence, and entered his plea of guilty. The record shows that he was appropriately admonished as to his rights; and, while represented by counsel, persisted in his plea of guilty. The plea was accepted, and the Court entered an order finding that the evidence substantiated his guilt but deferred further proceedings without entering an adjudication of guilt. Appellant was placed upon probation for a period of two years.

Nothing in any of the documents tendered for filing forms or could be expanded to include a complaint of invalidity or irregularity in any of the proceedings had before the entry of the deferred adjudication order.

Thereafter, the State filed a motion to revoke probation and to proceed to an adjudication of guilt. At the conclusion of the hearing on the motion, the Court found the allegations in the motion to revoke to be true. The Court then revoked the probation and proceeded to an adjudication of guilt of the original charge. Appellant was then found guilty of the offense as charged in the information, his punishment fixed at confinement for thirty days in the Jefferson County Jail, and he was assessed a fine of $500.00.

The only record which we have in said cause tendered for filing is the transcript of the proceedings in the original proceedings and on the motion to revoke probation. There is no question which could be brought to our attention if an appeal were permitted. There is no record predicate from which to launch any attack upon the regularity of the proceedings at the original hearing when the .Court entered the order deferring adjudication.

If we permitted the filing of the tendered record, we could not grant relief to appellant because the only record presented is from the order revoking probation and pro-

ceeding to an adjudication of guilt. The statute [*Tex.Code Crim.Proc.Ann. art. 42.13, § 3d(b)*] specifically provides: "No appeal may be taken from this determination." Moreover, an unbroken line of cases from the Court of Criminal Appeals has followed the statute. See, e.g., *Daniels v. State,* 615 S.W.2d 771 (Tex.Cr.App.1981), and cases therein cited.

■ We readily admit that an accused has a right to appeal so as to challenge errors shown in the record of the hearing on the original charge which resulted in the entry of an order deferring adjudication. Such right is granted by the provisions of the last sentence of *§ 3d(b) of art. 42.13* of the Code of Criminal Procedure.

■ One limitation upon the right of appeal is to be found in *Tex.Code Crim.Proc. Ann. art. 44.02* (Vernon 1979) which is fully applicable to this cause. Another rule having application is that the appellate court is bound by the record before it. *Jones v. State,* 564 S.W.2d 718, 721 (Tex.Cr.App. 1978); *Haner v. State,* 170 Tex.Cr. 68, 339 S.W.2d 212, 214 (Tex.Cr.App.1960). This court may not grant relief when the error, if any, is not preserved in the trial court. See, e.g., *Van Sickle v. State,* 604 S.W.2d 93, 96 (Tex.Cr.App.1980, on rehearing).

■ There is no hint in the tendered record of any error or irregularity, fundamental or otherwise, in the proceedings leading up to the entry of the order deferring adjudication of guilt. Nothing could be presented for review which would find any support in the trial record.

For the reasons herein set forth, we refuse to order our Clerk to file the tendered record in the purported appeal. See *Contreras v. State,* 645 S.W.2d 298 (Tex.Cr. App.1983).

It is so ordered.