**Richard Carl HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–91–00272–CR, 04–91–00277–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 28, 1992.

als in an effort to further his own career. The court further found that there is sufficient evidence to suggest that such inappropriate conduct by Mr. Hood has been prevalent throughout his career and in all likelihood was prevalent in his work in Sutton County as it regards to this case.

The trial court concluded that this constitutes good cause for allowing an out-of-time motion for new trial, and the court recommends that appellant's request be granted.

We will follow the trial court's recommendation. The motion for an out-of-time motion for new trial is granted. *See Harris v. State*, 818 S.W.2d 231 (Tex.App.— San Antonio 1991, no pet.). This case is remanded to the trial court so appellant may file an out-of-time motion for new trial. Appellant is returned to that point in the appellate process at which he may file his motion for new trial. The trial court now has jurisdiction to act on the motion for new trial.

Kirk Hawkins, San Angelo, for appellant.

J.W. Johnson, Jr., Dist. Atty., Sonora, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BIERY, Justice.

Pursuant to our order of November 6, 1991, the trial court has forwarded findings of fact and conclusions of law. The trial court notes that the State and appellant agree that the findings of fact are correct and would warrant the granting of a motion for new trial.

The trial court found that Lonnie Hood was an undercover operative hired by the Sutton County Sheriff's Department to investigate and assist in the prosecution of drug traffickers in Sutton County. In subsequent investigations in Taylor County as well as several other counties, evidence has come to light that Mr. Hood has tampered with physical evidence in the cases in which he has been involved and has implicated and filed charges against innocent individu-