**Ex parte Phillip Anthony HILL.**

**No. 71755.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1993.

Ken J. McLean, Roy C. Romo, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Lynn P. Hardaway, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION*

PER CURIAM.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, § 2, V.A.C.C.P. Applicant was indicted for the felony offense of aggravated

robbery alleged to have been committed with a co-defendant in May 1989 in Harris County. Applicant entered a plea of not guilty and was convicted of aggravated robbery and sentenced by a jury in the 183rd Judicial District Court to life in the penitentiary in June 1989. The sentence was enhanced by one prior conviction for aggravated robbery. Applicant's co-defendant plead guilty to the offense immediately prior to applicant's trial.

Applicant now complains that he was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, § 10 of the Texas Constitution. He claims that his trial attorney erred when he proffered as an alibi witness his co-defendant who, pursuant to a guilty plea, had been previously convicted of the very offense for which applicant was being prosecuted.[1] For the reasons stated below, we agree with applicant's allegation and order a new trial.

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by this Court in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Cr.App. 1986). See also *Ex Parte Walker*, 777 S.W.2d 427, 430 (Tex.Cr.App.1989). The *Strickland* Court enunciated a test that has two components: "First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

Applicant claims that counsel erred in proffering a tainted alibi witness. The witness, who was also applicant's brother, entered a plea of guilty to the same offense for which applicant was standing trial just two days before taking the stand.

Trial counsel, while having the affirmative duty to investigate, failed to inquire into the witness's status regarding the offense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; see also *Ex Parte Lilly*, 656 S.W.2d 490 (Tex.Cr.App.1983). The duty to investigate, which runs right up to the time a witness is proffered, would naturally include questioning a witness/co-defendant as to whether he or she had entered a plea to the offense. That the plea occurred only two days prior to the co-defendant taking the stand or that the State may have intentionally failed to inform counsel of the plea did not relieve trial counsel of this duty.

While it is well within the attorney's discretion to put on an alibi defense, counsel must, however, make sure that a co-defendant he proffers as a corroborating witness does not lose the case for his client by opening the door to the State introducing evidence of the witness's guilty plea.

The trial court has entered findings of fact and conclusions of law, including findings that counsel was ineffective, and the conviction was improperly obtained. These findings are supported by the record and applicant is entitled to relief.

Therefore, the conviction in Cause No. 526337–A in the 183rd District Court of Harris County is set aside. Applicant is remanded to the custody of the Sheriff of said county to answer the indictment.

---

1. Applicant also claims that his attorney erred when he failed to prevent the admission of out-of-court identification evidence which was ob-

tained as a result of Applicant's illegal arrest. Because of our disposition of the first issue, we need not address this allegation.