**John Kennedy HILTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–291 CR.**

Court of Appeals of Texas,
Beaumont.

Feb. 10, 1994.

Tom Brown, Livingston, for appellant.

Terry Brown, Dist. Atty., Livingston, for State.

**ORDER**

PER CURIAM.

We have before the Court a motion to abate appeal and to order a hearing. Appellant was indicted on the offense of aggravated sexual assault. After pleading not guilty to a jury, a verdict of guilty of the lesser included offense of sexual assault was returned and the appellant was sentenced to 33 years confinement in the Institutional Division of the Texas Department of Criminal Justice and was fined $4,000. Sentence was entered August 27, 1993. On September 15, 1993, appellant's trial counsel filed a motion for new trial and subsequently filed a motion to withdraw as counsel for appellant which motion was granted and filed by order of the trial court on October 22, 1993. Appellant filed an affidavit of inability to pay costs and requested the appointment of an appellate attorney and by order filed on October 22, the trial court appointed an attorney to represent appellant on appeal. Nineteen days later the motion for new trial was overruled by operation of law. TEX.R.APP.P. 31(e).

Appellant was indicted for one count of aggravated assault but the jury was charged and found the appellant to be guilty of the lesser included offense of sexual assault.

Trial counsel objected to the charge to the jury on the lesser included offense of sexual assault asserting that while the defense of promiscuity was not available to the appellant on the charge of aggravated sexual assault it would have been available to the appellant on the charge of sexual assault because the victim was 15 years of age when the offense occurred. TEX.PENAL CODE ANN. §§ 22.011, 22.021 (Vernon 1989). The Court overruled the trial attorney's objection and the jury subsequently found appellant guilty of the lesser included offense of sexual assault.

Prior to the evidence being adduced in the punishment phase, appellant's trial attorney requested permission to present evidence regarding the sexual history of the victim. The motion was denied by the court although the trial court permitted appellant's trial counsel to file a handwritten notice of such request. No evidence by appellant's trial attorney was offered by way of bill of exception.

Appellant's attorney for appeal, after examining the record and interviewing appellant's trial counsel, has discovered the names of four witnesses known to appellant's trial counsel who would have testified that they engaged in sexual conduct with the 15-year-old victim prior to the date of the offense in question. He argues that this evidence would constitute a defense to sexual assault. TEX.R.CRIM.EVID. 412. If this evidence was in fact available, then appellant's trial counsel failed to present a defense to the offense for which appellant was convicted, raising the issue of effectiveness of trial counsel. If however the evidence was not in fact available, trial counsel's objections and complaints would clearly constitute trial strategy.

Under the present state of the record before this Court, we recognize a possible deficiency on the part of trial counsel in failing to make a proper bill of exceptions regarding the testimony of the sexual history of the victim. We cannot know if appellant was deprived of effective assistance of counsel, in which case appellant could have been deprived of a fair trial. *Ex parte Hill*, 863 S.W.2d 488 (Tex.Crim.App.1993). This Court recognizes its power to make any appropriate order as the law and the nature of the case may require including abatement of the appeal for a hearing on the adequacy of trial counsel's representation. TEX.R.APP.P. 2(b) and 80(c); *Schaired v. State*, 786 S.W.2d 497 (Tex.App.—Houston [1st Dist.] 1990, no pet.). This Court is bound by the record in the trial court and we will not consider out of court affidavits. *Cook v. State*, 741 S.W.2d 928 (Tex.Crim.App.1987); *Peppard v. State*, 653 S.W.2d 530 (Tex.App.—Beaumont 1983, no pet.).

We first find that the need for an evidentiary hearing appears from the trial court record before this Court.

Secondly, we find that the issue to be considered and the evidence to be taken is directly relevant to a legitimate point of error to be urged by appellant's counsel on appeal.

We further find that the development of the evidence is necessary for the proper consideration by this Court of said point of error.

Lastly, we also find that the point of error concerns a fundamental and constitutional right of the appellant, i.e., to effective trial counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

This four pronged approach to the problem at hand will properly safeguard the basic rights of the appellant to a fair trial under due process yet we will maintain the integrity and efficiency of the appellate process.

We find that counsel for appellant should be given the opportunity to show good cause for suspending TEX.R.APP.P. 31(a) to allow appellant to file an out-of-time motion for new trial. *Harris v. State*, 818 S.W.2d 231 (Tex.App.—San Antonio 1991, no pet.). *See also Harris v. State*, 827 S.W.2d 442 (Tex. App.—San Antonio 1992, no pet.).

We therefore find that this appeal should be abated and remanded to the trial court for an evidentiary hearing on the issue of allowing an out-of-time motion for new trial. The trial court shall transmit a transcription of the hearing to this Court within 45 days from date hereof.

APPEAL ABATED AND REMANDED TO THE TRIAL COURT FOR AN EVIDENTIARY HEARING.

MOTION GRANTED.