savala v. state 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-565-CR





FELIX SAVALA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0914347, HONORABLE BOB JONES, JUDGE PRESIDING



 




 Appellant Felix Savala challenges a conviction for possession of a controlled
substance, cocaine. See Tex. Health & Safety Code Ann. § 481.121 (West 1992). Appellant
contends he was twice sentenced in violation of the double jeopardy clauses of the United States
and Texas Constitutions. U.S. Const. amend. V; Tex. Const. art. I, § 14. Appellant also alleges
that he was denied effective assistance because trial counsel failed to investigate whether he was
sentenced twice and failed to file a motion for new trial. Finally, appellant argues that he was
denied the right to a speedy trial when he was sentenced seven months after pleading guilty. We
will affirm.



BACKGROUND


 Appellant pleaded guilty on January 31, 1992, and sentencing was scheduled for
February 6, 1992. On September 10, 1992, appellant was sentenced to imprisonment for fifteen
years pursuant to the plea agreement. During the sentencing hearing, appellant asserted that he
previously had been sentenced to five years in prison shortly after his guilty plea on January 31,
1992. The record reflects that trial counsel and the court searched the court's documents and the
record, but found no evidence of a previous sentencing. During the approximate seven-month
period between the time appellant pleaded guilty and the time he was ultimately sentenced,
appellant remained in jail.



DISCUSSION


 Appellant's first two points of error allege that the trial court erred in twice
sentencing him and subjecting him to double jeopardy. U.S. Const. amend. V; Tex. Const. art.
I, § 14. There is no evidence in the record to support this allegation. The record from the
sentencing hearing reflects that both trial counsel and the court investigated the allegation, and that
no documents, files, or other records were discovered to confirm appellant's assertion that he had
been previously sentenced. This Court is bound by the record from the trial court. Jones v.
State, 564 S.W.2d 718, 721 (Tex. Crim. App. 1978); Hilton v. State, 870 S.W.2d 209, 210 (Tex.
App.--Beaumont 1994, no writ). Since appellant does not refer to anything in the record that
supports his points of error and since this Court can find nothing in the record to support his
contention, appellant's first two points of error are overruled. 

 Appellant's fifth and sixth points of error allege that he was denied his right to a
speedy trial because seven months elapsed between his plea and his sentencing. U.S. Const.
amend. VI; Tex. Const. art. I, § 10. The right to a speedy trial applies to sentencing delays. See
Pollard v. United States, 352 U.S. 354, 361 (1957). The United States Supreme Court developed
a four-part balancing test for determining whether an accused has been denied the right to a
speedy trial:



(1) the length of the delay,


(2) the reason for the delay,


(3) the defendant's assertion of his speedy trial right, and 


(4) prejudice to the defendant from the delay.

Barker v. Wingo, 407 U.S. 514, 531 (1972); see also Harris v. State, 827 S.W.2d 949 (Tex.
Crim. App. 1992), cert. denied, 113 S. Ct. 381 (1992); Turner v. State, 545 S.W.2d 133 (Tex.
Crim. App. 1977); Wilkerson v. State, 510 S.W.2d 589 (Tex. Crim. App. 1974). We will
consider each of these criteria as applied to the instant cause.

 We must consider the length of delay on a case-by-case basis because no
constitutional basis exists to quantify the delay into a specified number of days or months. 
Barker, 407 U.S. at 531. The length of delay generally is measured from the time the defendant
is formally accused or arrested to his trial. Chapman v. Evans, 744 S.W.2d 133 (Tex. Crim.
App. 1988) (citations omitted). Appellant pleaded guilty on January 31, 1992, but was not
sentenced until September 10, 1992. The time between the plea and the punishment was
approximately seven months. Such a delay is not a deprivation of appellant's right to a speedy
trial but is sufficient to require further consideration of the claim. Id.

 The reason for the delay should be considered based on the weight of different
reasons justified by the government:



A deliberate attempt to delay the trial in order to hamper the defense should be
weighed heavily against the government. A more neutral reason such as
negligence or overcrowded courts should be weighed less heavily but nevertheless
should be considered since the ultimate responsibility for such circumstances must
rest with the government rather than the defendant. Finally, a valid reason, such
as a missing witness, should serve to justify appropriate delay.



Barker, 407 U.S. at 531 (footnote omitted).

 The reason for the delay in this case is not well established in the record. The
delay was clearly not to hamper appellant's case because he was awaiting sentencing after pleading
guilty. Instead, the delay apparently resulted from the State's oversight. The burden of excusing
the delay rests with the State and in light of a silent record, it must be presumed that no valid
reason for the delay exists.

 The third factor is the defendant's assertion of his right to a speedy trial. The
record indicates appellant made no demand for a speedy sentencing hearing. (1) As the Court stated
in Barker, "the defendant's assertion of his speedy trial right, then, is entitled to strong
evidentiary weight in determining whether the defendant is being deprived of the right. We
emphasize that failure to assert the right will make it difficult to prove that he was denied a speedy
trial." Id. at 533. 

 Finally, a defendant invoking the right to a speedy trial must make some showing
of prejudice resulting from the delay. Chapman v. Evans, 744 S.W.2d at 137; see also Harris
v. State, 489 S.W.2d 303, 308 (Tex. Crim. App. 1973); Courtney v. State, 472 S.W.2d 151, 154
(Tex. Crim. App. 1971). In determining prejudice, the facts should be assessed in light of three
interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern
of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407
U.S. at 532.

 The record reflects that appellant was incarcerated during the time between his plea
and sentencing. However, the trial court credited appellant for time served as required by statute (2)
so his incarceration was not oppressive. A sentencing delay typically risks only the possible
prejudice of anxiety, but appellant had no reason to be anxious since he already knew that his
sentence was fifteen years' imprisonment based on his plea-bargain agreement. See United States
v. Howard, 577 F.2d 269, 270 (5th Cir. 1978). As to the third interest, appellant's defense was
not impaired because a plea agreement already had been made and no further testimony or
witnesses were required for sentencing. Appellant has not demonstrated that he was prejudiced
by the seven-month delay between his plea and sentence, especially since he received credit
toward his sentence for the time he spent incarcerated. 

 None of the four factors discussed demonstrates a denial to the right of a speedy
trial. The passage of seven months between appellant's plea and sentencing is substantial but not
unreasonable in the instant cause. Although the State has provided no justification for the delay,
appellant never asserted his right to a speedy trial, and he was not prejudiced as a result of the
delay. We overrule appellant's fifth and sixth points of error. 

 Appellant's third and fourth points of error claim that he was denied effective
assistance because trial counsel failed to investigate adequately whether appellant was sentenced
twice and failed to file a motion for new trial. The standard for evaluating a claim of ineffective
assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 688 (1984). The burden
of proof is on the defendant to meet the following two-pronged test: (1) the defendant must show
counsel's performance was deficient, based on a "reasonably effective assistance" standard; and
(2) the defendant must show the performance prejudiced his defense so as to deprive him of a fair
trial. Strickland, 466 U.S. at 687; Stafford v. State, 813 S.W.2d 503, 505-06 (Tex. Crim. App.
1991); Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986); O'Hara v. State, 837
S.W.2d 139, 143 (Tex.App.--Austin 1992, no pet.). Whether counsel was ineffective is to be
judged in light of all the circumstances; thus, "whether the appellant received error-free
representation is not the test; that appellant's counsel made some mistakes at trial does not show
ineffective assistance." Davis v. State, 830 S.W.2d 762, 765 (Tex.App.--Houston [1st Dist.]
1992, pet. ref'd). Furthermore, a court must evaluate the challenged conduct from counsel's
perspective at the time of trial and not through hindsight. Strickland, 466 U.S. at 689; Stafford,
813 S.W.2d at 506; Wilkerson, 726 S.W.2d at 548. Finally, there is a strong presumption that
counsel's conduct meets the reasonable assistance standard; thus, "the defendant must overcome
the presumption that, under the circumstances, the challenged action `might be considered sound
trial strategy.'" Strickland, 466 U.S. at 689; Stafford, 813 S.W.2d at 506. Appellant argues
that trial counsel was ineffective because he failed to investigate adequately the alleged double
sentencing. However, the record from the sentencing hearing reflects that trial counsel conducted
a search of the court documents to determine if appellant had been sentenced previously. He did
not discover any docket sheets, transcripts, or files to indicate any previous sentencing hearing. 
The court also searched the records diligently but found no indication of a previous sentence. 
Counsel was not ineffective because he could not find evidence to substantiate appellant's claim. 


 Appellant further argues that trial counsel was ineffective because he did not move
for a new trial complaining of the alleged double sentencing. Appellant's claim that he previously
had been sentenced was investigated by both trial counsel and the court without success. 
Appellant received the sentence agreed upon in negotiating the plea, and a motion for a new trial
would have been groundless. Failure to file a groundless motion does not amount to ineffective
assistance by trial counsel. Appellant's third and fourth points of error are overruled.

 The judgment of the trial court is affirmed. 



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: June 29, 1994

Do Not Publish
1. [1] We note that appellant did file two pro se motions on August 14, 1992, but neither
motion asked for the relief requested on appeal.
2. [2] See Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West 1979 & Supp. 1994).