Otis Herrin v. The State.

No. 8490.          Decided June 4, 1924.

1.—Burglary—Consent—Sufficiency of the Evidence.

Where, upon appeal from a conviction of burglary, appellant insisted that the record failed to show want of consent on the part of the alleged owner, but the record showed want of consent proved by circumstantial evidence, and also the declaration of the owner that the defendant did not have his permission to enter the store, or to take anything out of it, the conviction is sustained.

2.—Same—Requested Charges—Bill of Exceptions.

Where appellant complained of the refusal of a requested charge which sought to have the jury told that evidence of another offense was admitted solely as affecting the credibility of the accused as a witness, and that they could not consider this other kind unless it had been shown to their satisfaction beyond a reasonable doubt that the accused was guilty of the other crime, held there was no error in refusing this requested charge. Distinguishing: Lankford v. State, 248 S. W. Rep., 389.

3.—Same—Credibility of Witness—Rule Stated.

Under the holdings of this court it may be shown for the purpose of affecting credibility that a party has been indicted, even though he may also have been acquitted in such case.

4.—Same—Bill of Exceptions—Former Conviction—Felony.

Appellant's objection to inquiry relative to his conviction of a felony at a former time in which case he received the suspended sentence, but did not show that application had been made to have the judgment set aside. etc., there is no reversible error in overruling the objection, and the evidence being sufficient to sustain the conviction, there is no error.

Appeal from the District Court of Nacogdoches. Tried below, before the Honorable L. D. Guinn.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Adams & Moore,* for appellant.—On question of suspended sentence and former conviction: Coots v. State, 85 Texas Crim. Rep., 334; Lankford v. State, 248 S. W. Rep., 389.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nacogdoches County of burglary, and his punishment fixed at two years in the penitentiary.

It is insisted that the record fails to show want of consent to the burglarious entry on the part of the alleged owner of the premises. We think the record shows both by the testimony of the alleged owner as follows: ''They did not have my permission to enter that store or to take anything out of it,'' and also by the circumstances narrated as surrounding the transaction, the want of consent. Such want of consent may be shown circumstantially.

There are two bills of exception in the record. Bill A complains of the refusal of a special charge which seeks to have the jury told that evidence of another offense was admitted solely as affecting the credibility of the accused as a witness, and that they could not consider *this other kind* unless it had been shown to their satisfaction beyond a reasonable doubt that the accused was guilty of the other crime. What was said by this court in Lankford v. State, 93 Texas Crim. Rep., 442, 248 S. W. Rep., 289, has no application to a case wherein the accused takes the witness stand, and for the purpose of affecting his credibility the State proves either by his admission or by other evidence that he has been indicted for some other offense or offenses involving moral turpitude. Under our holdings it may be shown for the purpose of affecting credibility that a party has been indicted, even though he may also have been acquitted in such case. See Sec. 172, Branch's Annotated P. C., for collation of authorities.

Such being the law, we have no difficulty in concluding the learned trial judge committed no error in refusing said special charge.

The other bill of exceptions presents appellant's objection to inquiries made of appellant relative to his conviction of a felony at a former time in which case he received a suspended sentence. In order to make it wrong to make such inquiry it would have to be affirma tively shown by the party objecting that the defendant in such suspended sentence case had made application to have the judgment set aside and the case dismissed, and that this had been done in accordance with Article 865f, Vernon's C. C. P. Nothing of this sort appears in this record to have been shown or attempted. The bill shows no error.

The facts amply supporting the judgment of conviction, we have no option but to direct an affirmance and it is so ordered.

*Affirmed.*