### CLARENCE BOOKER V. THE STATE.

No. 16116. Delivered October 11, 1933.
Rehearing Denied November 8, 1933.
Reported in 63 S. W. (2d) 1033.

The opinion states the case.

*Horace H. Shelton* and *D. J. Pickle,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

We regret that no brief is on file for appellant. Considering his bills of exception, we observe that the record shows that the jury wheel from which appellant's special venire was drawn, was legally filled by regularly appointed and acting deputy officials of the kind and character described in our statute (article 2094, Rev. Civil Stats., 1925). The fact that the deputies so acting were special deputies would not seem to us to vitiate their acts. There is no contention but that they were duly and properly appointed as such deputies, and that they properly qualified. Evidence was heard by the trial judge on the presentation of the motion, which evidence is brought before us in the bill of exception. We think the motion to quash the panel was without merit.

There is nothing in appellant's motion to quash the indictment, and no reason appears for setting out the grounds thereof.

Appellant's third and fourth bills of exception complain of the admission in evidence of a confession made by him, upon the grounds that the confessions were not voluntarily made, but were made under duress and as a result of threats; also that since appellant had pleaded guilty the contents of his confessions were of no materiality. Neither of said bills sets out the confessions in question; nor anything supporting or justifying the objections stated. We must conclude that the learned trial judge properly admitted the confessions. There is no limit either by statutory direction or judicial interpretation, upon the kind, character or amount of relevant testimony which the state may introduce upon a plea of guilty. The objections to the introduction in evidence of a hatchet, claimed to be the weapon used, upon the grounds of irrelevance and immateriality, are also without merit.

The facts in evidence seem to demonstrate a planned, calculated and cold-blooded killing for the purpose of robbery, and sustain the verdict of the jury.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The offense charged is the

murder of Andy Smith by blows inflicted with a hatchet. Smith was found in his store wounded by blows upon his head and died in a very short time after his discovery. That the wounds brought about his death was shown by medical testimony. It was shown by associates of the appellant that prior to the homicide he had stated that he intended to kill Smith in order to get money to purchase some wearing apparel.

The apellant's confession taken after his arrest in compliance with the terms of the statute upon the subject, article 727, C. C. P., 1925, fully supports the theory of the state that the deceased was killed by the appellant in the manner stated for the purpose of robbery.

In bill of exception No. 1, it appears that a motion to quash the special venire was made. The grounds of the objection were investigated by the court and the evidence which is found in the record is quite sufficient to support the finding of the court that the motion was without merit.

The attack upon the indictment that it was duplicitous is likewise untenable. In several counts it charges the killing of the deceased with a hatchet or hand-axe. The first count alone was submitted to the jury, and the proof, both direct and circumstantial, supports the averment.

Two written confessions were made. As stated above, they were both in accord with the statute on confession. Their introduction in evidence was opposed as shown by bills of exception Nos. 3 and 4. It is claimed that the confessions were not voluntarily made but were obtained under duress. However, the confessions on their face appear regular, and the testimony adduced upon the trial bearing on the circumstances under which the confessions were made is quite adequate to sustain the court's action in overruling the objections thereto and in rebutting the criticisms addressed to the written confessions. It is thought that the admissibility of the evidence mentioned is not, under the facts, open to serious question. See Branch's Ann. Tex. P. C., p. 1179, sec. 2099; article 1261, P. C., 1925.

The reception in evidence of the weapon with which the homicide is alleged to have been committed is authorized by statute and has often been given judicial sanction. See Mason v. State, 94 Texas Crim. Rep., 532; Scroggins v. State, 119 Texas Crim. Rep., 32; Hawkins v. State, 115 Texas Crim. Rep., 163.

Nothing in the motion for rehearing presents for review any new matter; nor does it refer to any authorities.

By proper order of the court the venue of the case was

changed from Milam county to Travis county. A plea of guilty was entered and accepted by the court upon the trial.

Nothing in the record indicates that there were any unusual circumstances attending the trial in Travis county. The proceedings appear to have been regular. The appellant was protected in all his legal rights under the circumstances, and the verdict of the jury is manifestly binding upon this court.

The motion for rehearing is overruled.

*Overruled.*