MIKE ALVAREZ V. STATE.

No. 26,681. December 16, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 10, 1954.

*V. K. Wedgworth,* Mineral Wells, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a plea of guilty to the offense of rape, the jury fixed appellant's punishment at 65 years.

Appellant complains of the severity of the punishment, which he attributes to the fact that the evidence showed (1) that the prosecutrix was the 14 year old daughter of appellant; (2) that appellant was shown to have had a number of acts of intercourse with her prior to the act charged in the indictment which

occurred on or about April 13, 1953; and (3) that the prosecutrix was some five and a half months advanced in pregnancy on April 16, 1953.

The written confession made by appellant and introduced by the state was to the effect that the prosecutrix was his daughter; that he had had various acts of intercourse with her, including that during the week of April 13, 1953; that he had observed her change in appearance and thought that she was pregnant, and that he had made no attempt to prevent pregnancy.

Appellant complains of the admission of the confession.

The confession was offered during the examination of Police Officer Frank Granbury. The witness testified, in answer to the question of appellant's counsel, that appellant "made all of this voluntarily without being prompted or told what to say, or anything like that," and appellant's counsel then said "All right, you may read it. Note our exception." No ground of objection was stated and in fact no objection was offered according to the record as certified.

Bill of Exception No. 1 complains that Doctor Jordan was permitted to testify that the prosecutrix was "six and one-half month pregnant" when he examined her "April 18, 1953"; and insists that his motion for mistrial should have been sustained by reason of such testimony.

In view of the confession and the other testimony herein referred to reversible error is not shown by this bill.

Bills of Exception 2, 3 and 4 relate to testimony showing that prosecutrix was the daughter of appellant.

The birth certificate was offered through the county clerk from the records of his office, without objection. This record showed that prosecutrix was "born 7-25-38," was "legitimate" and that her father was Mike Alvarez.

The trial judge certifies that the 14 year old prosecutrix testified without objection that appellant was her "daddy" and the statement of facts supports such certification. Also the record shows that the prosecutrix was asked on cross-examination "Had your daddy ever done it before that time?" and she answered "Yes sir."

.· The contention that because of his plea of guilty the state should be restricted in its proof is contrary to the holdings of this court in Beard v. State, 146 Tex. Cr. Rep. 96, 171 S.W. 2d 869; Gordon v. State, 152 Tex. Cr. Rep. 188, 212 S.W. 2d 185, and Davis v. State, 105 Tex. Cr. Rep. 89, 287 S. W. 55.

It is unfortunate that appellant's counsel disagrees with the record as certified to this court but we must review the trial in the light of the statement of facts and bills of exception approved and certified, as provided in the statutes.

Finding no reversible error, the judgment is affirmed.