## JULIAN CALANCHI V. STATE

No. 31,415. March 2, 1960

*J. Holt Magee* and *Murray J. Howze*, Monahans, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Our prior opinion is withdrawn, and the following is substituted in lieu thereof.

The offense is statutory rape; the punishment, 30 years.

Prosecutrix was the 13-year old daughter of appellant. She had a twin sister. Prosecutrix testified that for a period of several months appellant had forced her to submit to acts of intercourse with him, that she became pregnant and bore a child as the result thereof. In this she was corroborated by her twin sister and her younger brother, who both slept in the same room with prosecutrix.

Appellant, the father of 17 children whose wife was dead, testifying in his own behalf, denied having been intimate with prosecutrix and claimed that one of his older daughters, who did not like him, was the cause of him being in trouble with the law.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by diligent court-appointed counsel in their brief.

Appellant contends that the court erred in admitting evidence that appellant had also had intercourse with prosecutrix' twin sister who slept in the same bed with prosecutrix.

Recently, in Gephart v. State 157 Tex. Cr. Rep. 414, 249 S. W. 2d 612, we said:

> "Bill of exception No. 5 complains of the testimony of prosecutrix concerning acts of intercourse and sodomy had by appellant with the other children on the day charged in the indictment.

> "The basis of the objection set forth in the bill of exception is that such testimony was proof of extraneous offenses. With this, we cannot agree. Since 1915, the rule expressed in Tennel v. State, 78 Tex. Cr. R. 400, 181 S.W. 458, has prevailed. There, it was held that in a statutory rape case proof of offenses committed on others at the same time is admissible as part of the res gestae. We have had occasion to follow this rule recently in Bowles v. State, 156 Tex. Cr. Rep.548, 244 S.W. 2d 811."

The acts of intercourse which appellant had with the sister were had in prosecutrix' presence and were explanatory of his entire conduct toward her and were admissible for the same reason his prior acts of intercourse with the prosecutrix were admissible.

Appellant conplains of the failure of the trial court to grant a new trial on the grounds of newly discovered evidence. There is no formal bill of exception in the record. However, we observe nothing in the affidavit found in the transcript which would have called for a new trial.

Appellant's motion for rehearing is overruled, and the judgment is affirmed.