### RICHARD JOSEPH VAVRA V. STATE

No. 32,650. January 11, 1961

Motion for Rehearing Overruled March 1, 1961

Second Motion for Rehearing Overruled March 22, 1961

*Charles W. Tessmer,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Robert E. Lyle, Dan Stansbury, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Presiding Judge

This is a conviction upon a plea of guilty before a jury for the offense of fondling the sexual parts of a boy under the age of fourteen years; the punishment, twenty years.

The prosecuting witness, an eleven year old boy, testified that on April 20, 1959, he along with his younger brother and another boy, at appellant's request went to appellant's apartment and that while there, appellant fondled his sexual parts, committed an act of oral sodomy upon him, and had him commit such act upon him (appellant); that the appellant had him and his brother commit acts of rectal sodomy on each other; and that the appellant inserted a plastic tube in his (witness') rectum. He further testified that at appellant's request, he and the other boys removed their clothes and the appellant took pictures of them in the nude, and while testifying, he identified two of the pictures of himself and the other boy which were later introduced in evidence during the cross-examination of the appellant.

Proof was offered of the making by the appellant, on July 17, 1959, of a voluntary written statement to Deputy Sheriff Mc-Curley pertaining to the offense charged and the boys involved in connection therewith which was introduced in evidence without objection. The statement in part reads:

"I believe that it was back last April of this year that I was with Robert 'Mike' Downey's big brother and one night Mike, George 'Pat' Downey and David Hughes went to my home and I believe that it was at night I do not know the date but it was in April, after we arrived there I had a urge to see the boys without any clothes on so I asked them if they would pull off of their clothes. This they all three did except David he did drop his pants and shorts. I played with Mike and Pat's peters but I don't believe that I bothered David that night. I would put my hands on Mike's and Pat's peters and rub them and after awhile they would get hard. After doing this awhile I got my polaroid camera and I took a picture of their privates. On another night David Hughes and Mike Downey was at my house and I asked them to drop their pants and shorts which they did and I took three more pictures with my camera of their privates. I also on this same night had a small plastic tube which I inserted in * * * of Mike and then I pulled it out. I don't remember but I could have been playing with my peter also that night. * * * * I called Mrs. Downey and told her that I would like to bring some of Mike's clothes over there as he had left them at my place. Mrs. Downey told me to bring them on over. When I arrived I confessed to her what I had did."

Appellant, testifying in his own behalf, denied committing an act of sodomy, but did admit the commission of the act of fondling as alleged and also a "similar" offense in 1954, and the placing of the plastic tube in the rectum of one of the boys. On cross-examination he identified two pictures of the prosecuting witness and the other boy, and pertaining to them he further testified:

"I mean I took the pictures for the purpose of sex education. * * * That was my belief at the time."

Appellant insists that the trial court erred in admitting in evidence the two nude pictures of the prosecuting witness and his companion because they solved no issue in view of his plea of guilty and were inflammatory and prejudicial.

By entering a plea of guilty the accused cannot restrict the right of the state to introduce relevant evidence showing the commission of the offense with which he is charged. 42 Tex. Jur. 78, Sec. 55; Booker v. State, 124 Tex. Cr. Rep. 562, 63 SW2d 1033; Beard v. State, 146 Tex. Cr. Rep. 96, 171 SW2d 869; Alvarez v. State, 159 Tex. Cr. Rep. 384, 264 SW2d 110.

The prosecuting witness testified and the appellant, while testifying, admitted that he personally took the pictures of the boys in the nude in his apartment. The act of the appellant in having the boys disrobe and taking pictures of them in a sexually excited physical condition as shown by the pictures was relevant as bearing on the lascivious intent of the appellant. Therefore, the admission of the pictures in evidence was not error.

Appellant urges error because of the failure of the trial court to admonish him at the time he entered his plea of guilty as to the consequences of such plea.

The judgment affirmatively recites that when the appellant entered his plea of guilty he was admonished by the court of the consequences of said plea.

The record shows that appellant filed a written motion before the indictment was read and before he was asked for his plea which was presented to and overruled by the trial judge. This motion shows that he did have knowledge of the nature and consequences of his plea, therefore no reversible error is shown. Ex Parte Miller, 332 SW2d 720.

The complaint of the admission in evidence of the various acts of sodomy as heretofore shown in the summary of facts cannot be sustained as they were res gestae of the offense charged. Gephart v. State 157 Tex. Cr. Rep. 414, 249 SW2d 612; Botello v. State 161 Tex. Cr. Rep. 207, 275 SW2d 814; Calanchi v. State, 332 SW2d 722.

There appears no error in the action of the court in declining in the absence of the appellant, to hear an amended motion for new trial which had been overruled by operation of law.

The evidence is sufficient to support the conviction and no reversible error appearing, the judgment is affirmed .

Opinion approved by the Court.

McDonald, J., not participating.

ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

In his motion for rehearing appellant strenuously and ably insists that this court erred in holding state's exhibits No. 1 and No. 2 admissible as bearing on the lascivious intent of the appellant.

The statement of facts reveals that the careful trial judge twice rejected the state's tender of the two photographs into the evidence and that he did not admit them until the appellant took the stand in his own behalf and properly identified them.

In addition to being admissible to show lascivious intent, the two exhibits were admissible as part of the res gestae. They were taken by the appellant, himself, at the time of the transaction. Acts done, statements and appearance of the participants, and other similar circumstances are all admissible as part of the res gestae when a witness narrates the events surrounding an offense.

All the cases cited by the appellant deal with photographs taken by others, not by the *appellant*. Here, the appellant took the photographs, *himself*.

The motion for rehearing is denied.