James W. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 38934.

Court of Criminal Appeals of Texas.

Oct. 19, 1966.

Rehearing Denied Dec. 14, 1966.

Frank Y. Hill, Jr., San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Presiding Judge.

The offense is indecent exposure to a person under 16 years of age; the punishment, 15 years in the penitentiary.

Trial was had and notice of appeal was given prior to January 1, 1966.

Witnesses for the State, children whose ages were between eight and fourteen years at the time of the offense, testified that they were playing near a glass-walled telephone booth located near their homes. Several of the witnesses testified that the appellant was in the booth with his pants unzipped and was holding his privates in one hand while holding the telephone receiver with his other hand. They testified that appellant grinned and winked at them from within the telephone booth, then stepped outside and stated, "I will give you a dollar if you will go in the car and take a ride with me." Several of the children then began to run from the appellant, and he got in his car and drove away. As appellant was driving away, one of the children, a 14 year old boy, wrote his auto license number on the sidewalk, and after conferring with his father, called the police and gave information which led to appellant's arrest.

In Cause No. 38,998, Tex.Cr.App., 409 S.W.2d 408, October 12, 1966, we affirmed

the conviction of this same appellant for a similar offense that occurred only one day subsequent to the offense charged in the case at bar. During this trial evidence was admitted, over appellant's objection, of the offense involved in No. 38,998. Cause No. 38,998 involved indecent exposure by the appellant to two junior high school girls, aged 13 to 14 years, as they were walking home from school. Appellant contends that evidence of the extraneous offense should not be admitted.

■ The general rule is that the accused can be convicted only by evidence showing that he is guilty of the offense charged. See 23 Tex.Jur.2d 294. However, exceptions and variations to this rule allow evidence of extraneous offenses. In the case at bar appellant testified that he might have been in the telephone booth on the alleged date, but denied that he had exhibited his privates to the children. In Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, this Court stated that proof of prior and subsequent acts are admissible if they explain and lend credence to the testimony concerning the conduct of the parties on the occasion charged in the indictment, which would not otherwise appear plausible *where there was a denial of the act through testimony offered by appellant* as to an alibi. In Calanchi v. State, 169 Tex.Cr.R. 97, 332 S.W.2d 722, a case involving prosecution of a father for rape of his 13 year old daughter, we stated that "The acts of intercourse which appellant had with the sister were had in prosecutrix' presence and were explanatory of his entire conduct toward her and were admissible for the same reason his prior acts of intercourse with the prosecutrix were admissible." Under these authorities no error is reflected by the admission of the extraneous offense.

■ Appellant further contends that reversible error is reflected by the prosecutor's asking of a question of appellant as to whether or not he had been convicted of assault with intent to commit robbery. Immediately after the question was asked, the jury was retired, and it was developed that appellant had in fact been so convicted, but that he had received a suspended sentence, which sentence had been later set aside. The careful trial judge both orally and in his charge instructed the jury not to consider the question propounded. We conclude that no reversible error was reflected by the asking of the question.

The record reflects that the assistant district attorney was aware of the fact that the prior conviction had resulted in a five year suspended sentence, but had no knowledge and had made no inquiry as to whether the judgment had been set aside and the case dismissed.

■ To render inadmissible the State's inquiry of a defendant as to a prior conviction which resulted in a suspended sentence, the defendant must affirmatively prove that he made application to have the judgment set aside and the case dismissed and that such motion was granted. Herrin v. State, 97 Tex.Cr.R. 494, 262 S.W. 486.

In Maddox v. State, Tex.Cr.App., 115 S.W.2d 644, the fact of the dismissal had been made known to the court before the defendant was required to testify to the fact of his former conviction.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.