**Mallory Wendell MAYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44189.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Thomas A. Autry, Austin, for appellant.

Robert O. Smith, Dist. Atty., Philip A. Nelson, Jr., Lawrence Wells and Phoebe Lester, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana. Upon his plea of guilty before the court the punishment was assessed at 16 years.

Appellant's sole ground of error is that "the trial court erred in admitting evidence of other offenses appellant had been charged with but of which appellant had not been, nor now, been convicted."

The record reflects that appellant and several other persons occupied an apartment in Austin. On April 28 and 29, 1970, Narcotic Officers executed search warrants on this apartment, recovering: "two

packets of Top Brand cigarette papers, * * * one containing one #5 gelatin cap and the other containing a white powder; * * * a brown paper sack containing twenty baggies of marijuana; * * * one baggie containing approximately three ounces of marijuana; one baggie containing a large quantity of marijuana seeds; * * * one baggie containing eleven cubes of hashish; ten plastic bags containing 875 green tablets of LSD; one piece of tinfoil, which contained a brown gum substance; four Plastipak syringes; one Plastipak pipe; * * * another pipe with a fold-up stem; * * * one package of Top Brand cigarette papers; * * * two empty packages of Zig-Zag papers; * * * thirty-nine feet of dynamite fuse cord; * * * seven blasting caps and some tinfoil;" an instruction book on how to make bombs; and a quantity of "potassium chlorate, petroleum jelly and one ball of string."

The only objection to admitting these exhibits into evidence was "That's wholly immaterial to the trial of this case, and we object to it on that basis."

It is well settled that "[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." 4 Branch's Ann.P.C.2d, Sec. 2255, p. 618; Baker v. State, Tex.Cr.App., 467 S.W.2d 428; Tinsley v. State, Tex.Cr.App., 461 S.W.2d 605. The state is not restricted in its proof because of a plea of guilty. Alvarez v. State, 159 Tex.Cr.R. 384, 264 S.W.2d 110.

Further, this trial on appellant's plea of guilty was before the trial judge, a jury having been waived. We presume that the trial judge disregarded evidence improperly received, if in fact it was. 57 Tex.Jur.2d, Trial Sec. 571, pp. 328–329.

The judgment is affirmed.