L. J. JONES. Appellant,

v.

The STATE of Texas, Appellee.

No. 44176.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert T. Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana where appellant entered a plea of guilty before a jury. Punishment was assessed at twelve years.

Appellant contends that the State improperly injected into the record facts surrounding an extraneous offense. Appellant was arrested at the Neiman-Marcus store, in Dallas, for using a stolen credit card. Appellant was searched at the scene of the arrest, and a quantity of marihuana was found on his person.

An indictment charging appellant with the theft of a credit card growing out of this arrest was pending when this cause went to trial.

This court has today handed down an Opinion in Mayes v. State, 472 S.W.2d 528, where the appellant contended that the court was in error in admitting evidence of other offenses appellant had been charged with, but of which he had not been convicted. Just as in the instant case, the appellant had entered a plea of guilty to the charge upon which he was being tried. Mayes held:

"It is well settled that '[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper.' 4 Branch's Ann.P.C.2d, Sec. 2255, p. 618; Baker v. State, Tex.Cr.App., 467 S.W.2d 428; Tinsley v. State, Tex.Cr. App., 461 S.W.2d 605. The state is not restricted in its proof because of a plea of guilty. Alvarez v. State, 159 Tex.Cr. R. 384, 264 S.W.2d 110."

■ We find the arrest of appellant for the theft of a credit card was so closely interwoven with the discovery of the marihuana on appellant, that injecting the facts involved in the entire transaction was not improper.

■ Appellant contends the court was in error in limiting appellant's examination of his reputation or character witness.

Appellant's counsel asked witness Webb, "if you were to judge his character, what you know about his character from his work habits, would you say it's good or bad or —." The State's objection to this question was sustained. The appellant then asked, "Do you know his reputation about (sic) the people with whom he worked? You have heard your other employees talk about his —." The witness answered that he "never had any problems with him on the job or anything like that. He was courteous and, you know, followed out the directions you would give him and all of that."

It appears that appellant was allowed to get the desired testimony before the jury, and that appellant was not harmed by the court properly sustaining the objection to the first question.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, J., not participating.