**Samuel WEBB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44271.**

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

Edward J. Ganem, Victoria, for appellant.

Ted Butler, Dist. Atty., Charles Butts and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, Wiley L. Cheatham, Dist. Atty., Cuero, and William Day, County Atty., Port Lavaca, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the offense of robbery by assault with firearms after a change of venue from Bexar County. The punishment was assessed by the jury at 28 years.

The appellant's sole contention is that the introduction and admission of evidence relative to the murder committed subsequent to the robbery offense constituted reversible error; that the murder was an extraneous offense and such evidence should not have been admitted.

The State's evidence reflects that on May 2, 1969, Theodore Mark Le Blanc, aged 14, and Juanita Juarez, aged 16, were seated together on a bench behind Emerson Junior High School, in San Antonio, when they were approached by appellant wearing a stocking over his face and carrying a pistol. On demand from the appellant, Le Blanc placed his wallet containing money on a bench because "he had the gun in her back and he probably would have shot us if I hadn't of." The appellant then made Le Blanc and Juarez walk across the street into a driveway, belonging to one Eugene F. Johnson, where appellant ordered Miss Juarez to take their shoe laces and tie Le Blanc's hands. Johnson came out of the house with a flashlight, and when he did not turn the light off as requested by the appellant, the appellant fired his gun; four or five shots followed, at which time Le Blanc and Juarez ran away. As a result of the exchange of gunfire, Johnson received four gunshot wounds and died ap-

proximately 19 hours later. Appellant was tried and convicted of murder and in the course of such trial, took the stand and made a judicial confession of the robbery.[1] The appellant did not testify in the instant case, but his judicial confession made in the murder case was introduced by the State.

The appellant contends that since neither intent nor identity was disputed, there was no basis for the introduction of the extraneous offense of murder. The two robbery victims made a positive identification of appellant and appellant did not take the stand in the instant case and did not refute the judicial confession. In Mayes v. State, 472 S.W.2d 528 (1971), where appellant had entered a plea of guilty and was complaining of the introduction of an alleged extraneous offense, this court said, "The state is not restricted in its proof because of a plea of guilty. Alvarez v. State, 159 Tex.Cr.R. 384, 264 S.W.2d 110." See also Jones v. State, Tex.Cr.App., 472 S.W.2d 529 (1971).

The State, in the instant case, was not restricted in its proof because there was other uncontroverted evidence of intent and identity, if the facts surrounding the shooting of Johnson were otherwise admissible.

In Smallwood v. State, 464 S.W.2d 846, this court said:

"[1] At the outset appellant contends the evidence relating to the rape should not have been admitted since it was an extraneous transaction committed in a different county. In Ellison v. State, Tex.Cr.App., 419 S.W.2d 849 (reversed

on other grounds, 392 U.S. 649, 88 S.Ct. 2290, 20 L.Ed.2d 1350) this court was confronted with a similar situation.

There this court said:

'The three offenses [robbery, kidnapping and rape] were committed by a continuous assault and were so interwoven as to be part of the same transaction. The evidence sought to be excluded was admissible under the so called res gestae rule. Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884 and cases cited.' See also Walker v. State, Tex.Cr.App., 454 S.W.2d 415; Jefferson v. State, Tex.Cr.App., 452 S.W.2d 462.

In 4 Branch's Ann.P.C. 2d ed., Sec. 2255, p. 618, it is written that '[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper.' See also 23 Tex.Jur.2d, Sec. 196, p. 302; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601."

In the instant case, the victims of the robbery were still being held at gun point when the murder occurred. When Johnson appeared in his driveway with a flashlight, Miss Juarez was being ordered by appellant to tie Le Blanc's hands. The robbery was still in progress.

We conclude that the shooting of Johnson by appellant, if not a part of the case on trial, was so closely interwoven and blended therewith, that proof of all the facts was proper.

The judgment is affirmed.

Opinion approved by the Court.

---

1. See also Webb v. State, Tex.Cr.App., 467 S.W.2d 449.