Homer Laverne WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44350.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

H. Edward Johnson, Fort Worth, for appellant.

Frank D. Coffey, Dist. Atty., William A. Knapp, Roger W. Crampton and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of heroin where the punishment was assessed by the jury at life.

Fort Worth police officers, armed with a search warrant, went to appellant's house on the night of July 10, 1970. Upon entry, the officers found appellant, a black male, dressed as a woman and wearing a mini type dress, wig, blouse and brassiere. Appellant removed the brassiere he was wearing at the request of the officers, and in the course of removing two pieces of foam rubber from the brassiere, a plastic vial fell from the left cup containing twenty capsules of heroin.

At the outset, appellant contends that the affidavit and search warrant do not particularly describe the things to be seized, as required by the Fourth and Fourteenth Amendments of the U. S. Constitution.

The affidavit, omitting the formal parts, reads:

"We, Fort Worth Police Narcotic Officers, J. L. Blaisdell and L. W. Alphin, do solemnly swear that on this, the 10th day of July, 1970, in the City of Fort Worth, County of Tarrant, and State of Texas, aforesaid, one Homer Laverne Walker, alias LaVerne Johnson, Negro male, D.O.B. 7–03–1943, did then and there unlawfully possess an illegal narcotic drug to wit: Heroin. We further believe, that this same Homer Laverne Walker alias LaVerne Johnson, has this same illegal narcotic namely heroin concealed on the premises of 3771 Rufus Street, City of Fort Worth, Tarrant County, State of Texas.

The premises is located in the 3700 block of Rufus Street on the east side of street facing west and numbered 3771. The premises is described as a single story white frame building having gray trim and a white composition roof. This premises is being occupied and controlled as a private residence by the aforementioned Homer Laverne Walker, alias LaVerne Johnson. The vehicle on this premises, driven and contolled by Homer LaVerne Walker, is a 1970 Pontiac,

FNW 779. Our beliefs are based on the following facts and circumstances:

1. On or about the 10th day of July, 1970, affiants received information from a previously reliable confidential informant, an admitted heroin addict, who related that a Homer Laverne Walker, Negro male 27 years of age, is living at 3771 Rufus Street. This informant related that Homer Laverne Walker keeps a quantity of illegal narcotics namely heroin concealed on the premises of 3771 Rufus Street. This informant also related that this same Homer Laverne Walker sells this same illegal narcotic from the aforementioned premises of 3771 Rufus Street. The informant related that Homer Laverne Walker is a female impersonator and does dress as a Negro female at all times.

Within 24 hours of this date the informant was at the aforementioned premise and did observe Homer Laverne Walker sell the illegal narcotic to wit: heroin to subjects who would come to the residence. The informant related that Homer Laverne Walker gets the illegal narcotics that he sells from George Norton, Negro male approximately 39–40 years of age. The informant related that George Norton delivers the narcotics in a red and white Cadillac, 1970 Texas license plate KZD 721, and makes several deliveries a week. The informant states that sometimes George Norton will stay two or three days at the aforementioned residence of 3771 Rufus Street with Homer Laverne Walker.

This informant has supplied affiants with information on at least 3 previous occasions which proved to be credible. One of these occasions, 5–16–70, this informant had supplied affiant with information which resulted in the arrest of Homer Laverne Walker for Illegal Possession of Narcotics, to wit: Heroin and did result in the seizure of a quantity of the narcotics. A case was filed under the number 70–R–226.

The exact time and date the informant was at the premises of 3771 Rufus Street is not disclosed so as to protect the identity of the informant.

2. Affiants know Homer Laverne Walker alias LaVerne Johnson to be a female impersonator and to have a record with Fort Worth Police Department for this type offense. Also, affiants know Homer Laverne Walker to be a heroin addict and to have at least one arrest for Illegal Possession of Narcotics to wit: Heroin.

Affiants have received information regarding Homer Laverne Walker living at 3771 Rufus and selling narcotics from this premises since the 8th day of July, 1970. Through affiants' own investigation and surveillance affiants were able to establish that Homer Laverne Walker does occupy and control the premises at 3771 Rufus Street, Fort Worth, Tarrant County, as a private residence. Also, affiants have observed a Negro male known to them as George Norton driving a red and white Cadillac, 1970 Texas license plate KZD 721, come to the premises and remain for large periods of time. The most frequent date this subject and vehicle were observed at the aforementioned premises was on this date, 7–10–70. Also affiants have received information from other sources including the Federal Bureau of Narcotics and Dangerous Drugs that this same George Norton is believed to be involved in Illegal Narcotic traffic and supplying dealers in the Fort Worth area.

Also while keeping the premises under surveillance affiants observed the following traffic: a 1966 Chevrolet 4-door, FHH 286; a 1963 Chevrolet 2-door, FMC 497; a 1969 Plymouth FMJ 154; a 1967 Mercury, FKV 497; a 1967 Datson, FFS 880; a 1965 Chevrolet, DVB 875; a 1969 Chevrolet, DWX 364. Most of the people come to the premises would remain only a few minutes and leave. Also affiants have observed Homer La-

verne Walker driving a 1970 Pontiac, 2-door, FNW 779. This vehicle does register to the aforementioned Homer Laverne Walker.

Therefore, we, the undersigned, ask that a warrant be issued in accordance to provision of the State Law to search for and seize the illegal narcotic drug, to Wit: Heroin believed unlawfully possessed by Homer Laverne Walker, alias LaVerne Johnson and secreted on the premises located at 3771 Rufus Street, City of Fort Worth, Tarrant County, State of Texas."

■ The affidavit states that the appellant "did then and there unlawfully possess an illegal narcotic drug to wit: Heroin." The search warrant provides for a search for "the said Illegal Narcotic Drug, to wit: Heroin . . . ." Appellant's reliance on Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431, is misplaced in that the search warrant held to be constitutionally intolerable in Stanford provided for a search of "books, records, pamphlets, cards, receipts, lists, memoranda, pictures, recordings and other written instruments concerning the Communist Party of Texas, and the operations of the Communist Party in Texas." The exact description used in the search warrant and affidavit in the instant case was approved in Daltwas v. State, Tex.Cr.App., 375 S.W.2d 732, even though the word "heroin" was spelled "herion" in Daltwas. We reject appellant's contention that the things to be seized were not described with sufficient particularity.

Appellant contends that the search warrant was based on an affidavit which did not reflect probable cause in violation of the Fourth and Fourteenth Amendments to the U. S. Constitution.

■ To meet the requirements set forth in Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 273, when an affidavit is based upon hearsay information "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was 'credible' or his information 'reliable'."

■ In determining the reliability of the informer, we must look to the affidavit which shows that affiants received information from "a previously reliable confidential informant, an admitted heroin addict . . ." and "This informant has supplied affiants with information on at least 3 previous occasions which proved to be credible. One of these occasions, 5–16–70, this informant had supplied affiant with information which resulted in the arrest of Homer Laverne Walker for Illegal Possession of Narcotics, to wit: Heroin and did result in the seizure of a quantity of the narcotics. A case was filed under the number 70–R–226." The affidavit furnished sufficient underlying circumstances from which the affiant could conclude that the informer's information was reliable. Thus, this requirement of Aguilar was met. See Heredia v. State, Tex.Cr. App., 468 S.W.2d 833.

■ In determining if the magistrate was informed of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, we again must look to the affidavit which reflects that the informer had "within 24 hours of this date" observed appellant selling heroin at the premises described and informant names and describes a person who delivers narcotics to appellant. The affidavit further recites that informant, "an admitted heroin addict," relates that the appellant keeps a quantity of heroin concealed on the premises described in the affidavit and sells the same from said premises.

While we are convinced that the affidavit satisfies the requirement of Aguilar that the magistrate be informed of underlying circumstances from which the informant concluded the heroin was where he claimed it was, and that the two pronged test of Aguilar has been met to enable probable cause to be established by hearsay, we note other facts and circumstances recited in the affidavit which corroborate the underlying circumstances given by the informant and significantly buttress his tip. See Acosta v. Beto, 5th Cir., 425 F.2d 963. The affiants relate as a result of their surveillance that appellant lives at the address given by the informant, that the person informant said furnished appellant with narcotics was observed by affiants going to appellant's house and remaining for "large" periods of time, the last time being the same date the affidavit was sworn to, and while keeping the appellant's house under surveillance, affiants have seen numerous people going to the premises occupied by appellant, remain only a few minutes and leave and affiants observed appellant driving the vehicle described by informant.

We reject appellant's contention that the search warrant was based on an affidavit which did not reflect probable cause.

Appellant, in his pro se briefs, contends that the search warrant was issued by a magistrate without authority or jurisdiction to issue same. The space usually provided for naming the county in the jurat of the warrant is left blank. The affidavit shows to be sworn to before W. W. Matthews, Justice of the Peace, Tarrant County, Texas, Precinct No. 1, and this affidavit is incorporated in the search warrant; the search warrant signed by W. W. Matthews, Justice of the Peace, Precinct No. 1, Place No. 1, —————————— County, Texas, is directed to Tarrant County peace officers and is returnable at the Tarrant County Courthouse. Hernandez v. State, 158 Tex. Cr.R. 296, 255 S.W.2d 219, held that a search warrant is not rendered fatally insufficient by fact that space usually provided for naming county in jurat on warrant was left blank We reject appellant's contention that the search warrant was issued by a magistrate without authority or jurisdiction.

Appellant complains of the "State needlessly and repeatedly presenting evidence of appellant being 'dressed as a female' and 'on many occasions dressed as a female' with obviously prejudicial effect."

In Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709, this court said "Acts done, statements and appearance of the participants, and other similar circumstances are all admissible as part of the res gestae when a witness narrates the events surrounding an offense." In Denny v. State (Forfar v. State), 473 S.W.2d 503 (1971), (Reversed on other grounds), this court said that the appearance of the three co-defendants at the time of the arrest was admissible as res gestae. It is undisputed in the instant case that appellant was dressed as a woman at the time of his arrest. We perceive no error.

Appellant, in his pro se briefs, complains of the state's introduction of evidence of an extraneous offense, the sale of heroin by appellant. We have examined the record and find no evidence presented to the jury that the appellant sold heroin.

Finding no reversible error, the judgment is affirmed.

Opinion Approved by the Court.