**Ronald Avans REED, Appellant,**

v.

**The STATE of Texas, Appellee**
(two cases).

Nos. 49967, 49968.

Court of Criminal Appeals of Texas.

May 21, 1975.

Tom A. Boardman and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty. and Steve Wilensky, Don Briscoll and Bill Booth, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeals are taken from two convictions for aggravated robbery tried together by agreement. Punishment was assessed by the jury at eleven years in each case.

The sufficiency of the evidence to support the convictions is not challenged, and suffice it to note that appellant was identified as the person who robbed Marvin Gales of $10.00 and Otis Boykin of $3.00 at gunpoint in Dallas on the night of January 25, 1974.

At the outset, appellant contends that the court erred in admitting a pistol seized in appellant's car under an unlawful search which deprived appellant of rights secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States.

Officer McCoy testified at the hearing to suppress that on arrival at an apartment to which he had been dispatched on complaint that a robbery had been committed he observed a man, later determined to be appellant, sitting in an automobile in the driveway. Upon knocking on the door of the apartment, one of the people in the apartment said, "That man in the car just robbed us." At about the time McCoy knocked on the door of the apartment, appellant started the car and drove into a wall of the apartment complex. As McCoy started toward the vehicle, appellant was backing the car away from the wall and attempting to get it "straightened out so he could get out of the driveway." McCoy ran after the car and "slapped the side of it yelling 'Stop, stop.'" Appellant did not heed the officer's demand to stop, and a chase ensued. McCoy, in a police vehicle with both siren and red lights activated, pursued appellant for six blocks before appellant was brought to a stop. McCoy stated that during the pursuit appellant "was bending over arranging stuff inside the car" and, after appellant was stopped and McCoy was beside appellant's car, "He [appellant] bent over and reached under the front seat." Appellant did not raise up from this position until McCoy pulled his revolver and said, "Straighten up right now." At about this point in time, another patrol car arrived, appellant was removed from his vehicle, and McCoy asked Officer Cross, who had just arrived, to "look under the front seat and see what's there." Cross removed a .25 automatic pistol, which was later identified as the weapon used in the robberies. At the conclusion of the hearing, the court denied appellant's motion to suppress. The admission of the pistol into evidence gives rise to appellant's contention.

■ In order for a warrantless arrest or search to be justified, the State must show the existence of probable cause at the time the search or arrest is made and the existence of circumstances which made the procuring of a warrant impracticable. Hooper v. State, Tex.Cr.App., 516 S.W.2d 941; Stoddard v. State, Tex.Cr.App., 475 S.W.2d 744.

■ Probable cause exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentalities of a crime or evidence pertaining to a crime. Wood v. State, Tex.Cr.App., 515 S.W.2d 300; Fry v. State, Tex.Cr.App., 493 S.W.2d 758.

■ Officer McCoy was informed "that man [appellant] in the car just robbed us." The identification of appellant as the robber was buttressed by the flight of appellant upon the command of the officer to stop and by the movements of appellant observed by the officer during pursuit and after appellant's vehicle was stopped.

The foregoing circumstances established probable cause, and the factual situation confronting the officers established that exigent circumstances existed requiring the officers to proceed to arrest appellant and search the car for weapons and the stolen money without waiting for a warrant. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Hooper v. State, supra; Borner v. State, Tex.Cr.App., 521 S.W.2d 852.

The court did not err in admitting the evidence seized as a result of the search of appellant's car.

Appellant contends the trial court erred in failing to grant his motion for mistrial when the State introduced evidence that appellant had committed the extraneous offense of driving a vehicle under the influence of drugs.

The record reflects the following occurred on redirect examination of McCoy:

"Q. . . . Officer McCoy, when you had an occasion to remove the Defendant Reed from his automobile out there on the bridge, I'll ask you whether or not you had the opportunity to observe and did observe the man's face, eyes and bodily movements?

"MR. BOARDMAN: If Your Honor please, I would object to that as being totally irrelevant in regards to the two armed robbery cases on trial at this time.

"THE COURT: Objection overruled.

*        *        *        *        *        *

"Q. Did you have an opportunity to observe them?

"A. Yes, I did.

"Q. Would you please describe what you observed to the jury?

"A. Yes, Mr. Reed, the Defendant, was in sort of a state of euphoria. He was real relaxed. His movements were very—

"MR. BOARDMAN: If Your Honor please, I would like to object to the testimony of this witness in regards it shows the possibility of the commission of an extraneous offense, to-wit, driving a

car while under the influence of some sort of drug or alcohol.

"THE COURT: Your objection is overruled on those grounds.

*        *        *        *        *        *

"A. (Continuing) His speech was somewhat impaired. His pupils seemed to be dilated to some extent. His eyes were glassy. In my opinion, he was high on some sort of narcotics.

"MR. BOARDMAN: Judge, I object to that. May I take him on voir dire?

"THE COURT: I sustain the objection to the last part of the answer. The jury will not consider it for any purpose.

"MR. BOARDMAN: I respectfully ask the Court for a mistrial in that that statement was so inflammatory and prejudicial. I ask the Court for a mistrial.

"THE COURT: The jury will not consider the last portion of the answer, his opinion that he was high on something for any purpose whatsoever. Motion for mistrial denied."

In Denny v. State, 473 S.W.2d 503, this Court held that the appearance of the three co-defendants at the time of the arrest was admissible as res gestae. See Walker v. State, Tex.Cr.App., 473 S.W.2d 508; Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709. Further, error, if any, was cured by the court's prompt instruction to the jury not to consider the opinion of the witness that appellant was high on something. Pulido v. State, Tex.Cr.App., 503 S.W.2d 578.

The judgments are affirmed.

Opinion approved by the Court.