Jimmy Cleveland BURGETT, Appellant,

v.

The STATE of Texas, State.

No. 2–82–031–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 9, 1983.

Discretionary Review Refused
April 27, 1983.

Frank S. Wright, Dallas, for appellant.

Jack A. McGaughey, Dist. Atty., Montague, for appellee.

Before FENDER, C.J., and BURDOCK and SPURLOCK, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from a conviction for delivery of a controlled substance: Methamphetamine. The jury assessed punishment at thirty years confinement in the Texas Department of Corrections and imposed a $7500.00 fine.

We affirm.

The evidence established that Burgett met with Tommy Brown, an undercover agent with the Drug Enforcement Administration, at a tin building near a truck stop in Montague County. The transaction was interrupted when a truck driven by Clarence Cocks appeared in front of the building where Burgett and agent Brown were meeting. Burgett left agent Brown in the building and went outside to meet Cocks. Burgett and Cocks then got into a pickup which Burgett had driven to the site and commenced a drug transaction between themselves. This was all observed by agent Brown who then approached the vehicle with another agent and arrested the occupants, Burgett and Cocks. Both individuals were searched at the scene and additional drugs were found on Burgett. Agent Brown also testified that the pickup from which the individuals were arrested was seized at the place of arrest and driven by Brown to the Bowie Police Department where Brown conducted an inventory search of the vehicle pursuant to government policy.

In the glove compartment, agent Brown found "a white paper sack rolled around a toilet paper wrapper and a brown paper bag, which were also rolled around two plastic zip-lock baggies, which contained a green vegetable substance . . .", which he believed to be marihuana. On a shelf in the pickup cab, Brown found two pistols and a box of ammunition.

In a hearing outside the presence of the jury, Burgett's attorneys objected to all evidence seized by law enforcement officials. The trial court sustained the objection as to the pistols and ammunition, but admitted into evidence all drugs and marihuana seized from Burgett and Cocks and from the pickup Burgett was driving.

Burgett's first ground of error asserts that the trial court erred in admitting evidence of an extraneous offense, in that the marihuana seized from Burgett's pickup should not have been admitted since it was not res gestae of the offense. We disagree.

Burgett was arrested by agent Brown and removed from the pickup truck. Burgett was searched by agent Brown immediately. After Burgett's arrest, agent Brown drove the pickup to the Bowie police station and immediately conducted an inventory search which resulted in the recovery of two baggies of marihuana from the glove compartment. Agent Brown testified that about thirty minutes lapsed between the time of the arrest and the inventory of the truck. The marihuana was introduced in evidence before the jury over Burgett's objection on the ground that such constituted evidence of an extraneous offense.

On appeal, Burgett does not challenge the validity of the search resulting in the discovery of the marihuana, but challenges the use of the marihuana at trial; therefore, the validity of the search is not an issue here. However, in reviewing the record, we find that the marihuana was seized as the result of a properly conducted inventory search. The question before this court is whether the marihuana was properly before the jury.

■ It is a well established rule of evidence that proof of extraneous offenses are generally not admissible as evidence of guilt. *Ford v. State,* 484 S.W.2d 727 (Tex. Cr.App.1972). However, extraneous offenses may be admissible as an exception to the general rule where the offense is part of the res gestae. *Frison v. State,* 473 S.W.2d 479 (Tex.Cr.App.1971); *McMahon v. State,* 630 S.W.2d 730 (Tex.App.—Houston [1st Dist.] 1982). Where an offense is one continuous transaction, or, another offense is so closely interwoven to the case on trial, proof of all facts surrounding the circumstances is proper and admissible. *Archer v. State,* 607 S.W.2d 539 (Tex.Cr.App.1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981); *Mayes v. State,* 472 S.W.2d 528 (Tex.Cr.App.1971); *Jones v. State,* 472 S.W.2d 529 (Tex.Cr.App.1971). The reasoning is that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of the act so that they may realistically evaluate the evidence. *Archer v. State, supra.*

■ The State is entitled to prove the circumstances surrounding the arrest unless it is inherently prejudicial and has no relevance to any issue in the case. *Saunders v. State,* 572 S.W.2d 944 (Tex.Cr.App.1978); *Hernandez v. State,* 484 S.W.2d 754 (Tex. Cr.App.1972).

■ The admissibility of this evidence is within the sound discretion of the trial judge, and will not be reversed on appeal unless a clear abuse of discretion is shown. *Hernandez v. State, supra.*

■ In the instant case, the pickup was used by Burgett to consummate the sale of narcotics. The truck cab must then be considered the same as any other crime scene. As such, evidence of drugs found as a result of the search of Burgett's truck was admissible as part of the res gestae of his arrest. *See* generally *Downey v. State,* 505 S.W.2d 907 (Tex.Cr.App.1974). Evidence of tangible objects found during the course of a search is often admitted as res gestae of the offense. Even though this was not a search of the vehicle at the scene as in the *Downey* case, we find that the thirty minute interval between the arrest and the search of the vehicle was not so significant as to break the continuous transaction chain. The truck could have been searched at the scene or at the police station and the evidence would still be admissible.

We hold that in a case such as this where the offense charged takes place inside the cab of the truck that any drugs found in the truck would be admissible as part of the res gestae. The trial court did not abuse its discretion in admitting the marihuana. Burgett's first ground of error is overruled.

■ Burgett's second ground of error asserts that the trial court erred in allowing the jury to recess after the reading of the charge to the jury and prior to the rendering of a verdict at the guilt/innocence phase of the trial. V.A.C.C.P. art. 35.23, provides:

> [W]hen jurors have been sworn in a felony case, the court may, at its discretion, permit the jurors to separate until the court has given its charge to the jury, after which the jury *shall be kept together, and not permitted to separate* except to the extent of housing female jurors separate and apart from male jurors, until a verdict has been rendered or the jury finally discharged, unless by permission of the court with the consent of each party.

The record reflects that after the charge had been read to the jury, the trial court stated:

> Ladies and Gentlemen of the jury; that now concludes the argument.

Would you like to take about a 15 minute recess before you go to the jury room, or do you prefer to go on? You would like to recess? All right, let's take about a 10 minute recess, and then return in here, and we will send you to the jury room. Be back at 10:25; and remember, don't discuss the case yet. You haven't gone to the jury room yet, and so don't discuss it.

We hold that Burgett did not properly preserve the record in raising this ground of error because the record fails to show that the jurors ever separated. It is Burgett's burden to insure the record reflects that he did not consent to the separation. *McDonald v. State,* 597 S.W.2d 365 (Tex.Cr. App.1980). *cert. denied,* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 467. Where the record is silent, there is a presumption that procedural rules were complied with. Burgett's motion and hearing for new trial fails to raise this ground of error and no testimony is presented. When the issue is first raised on appeal, the State is denied the opportunity to show no harm resulted. *Green v. State,* 510 S.W.2d 919 (Tex.Cr.App. 1974). Burgett's second ground of error is overruled.

Burgett's third ground of error asserts that the trial court erred in refusing to charge the jury on the law of illegally seized evidence pursuant to V.A.C.C.P. art. 38.23.

We disagree.

■ Where the facts and circumstances are such that probable cause to search clearly exists as a matter of law, a jury charge under art. 38.23 is not required. *Davis v. State,* 474 S.W.2d 466 (Tex.Cr.App. 1972). This statute is only applicable where a disputed fact issue is raised concerning the alleged violation. *Jones v. State,* 493 S.W.2d 933 (Tex.Cr.App.1973); *Ainsworth v. State,* 493 S.W.2d 517 (Tex.Cr.App.1973). Where no fact issue is raised regarding the legality of the search, the question of legality of the search is a matter of law rather than fact. *Campbell v. State,* 492 S.W.2d 956 (Tex.Cr.App.1973).

■ In the instant case, no defense witnesses were called to controvert the statement of agent Brown regarding the search. Also, agent Brown never materially changed his testimony on cross-examination so as to contradict himself and raise such an issue.

We hold that there was no disputed fact issue raised regarding the legality of the search and that this was a proper search. Burgett's third ground of error is overruled.

■ Burgett's fourth ground of error asserts that the trial court erred in refusing to charge the jury on the limited use of evidence of extraneous offenses. Where an extraneous offense has been admitted as being res gestae of the offense for which the accused is on trial, it is not necessary to give a limiting instruction. *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App.1979); *cert. denied,* 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799 (1980); *Arivette v. State,* 513 S.W.2d 857 (Tex.Cr.App.1974). Appellant's fourth ground of error is overruled.

Burgett's fifth ground of error asserts that the trial court erred in admitting evidence of the prosecutor's presence at the scene of the offense because it was tantamount to bolstering of State's witnesses' testimony.

■ "Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Boykins v. State,* 627 S.W.2d 861 (Tex.App.—San Antonio 1982); *Pless v. State,* 576 S.W.2d 83 (Tex. Cr.App.1978). In this case, the testimony of the witness that the prosecutor was at the scene of the arrest and crime is not tantamount to bolstering because it was not improperly used to add credence or weight to some earlier unimpeached evidence.

The first mention of prosecutor's presence at the truck stop was by a Bowie policeman called by the State. No objection to the policeman's answer was registered by counsel, thus no error was preserved for review. On cross-examination, Burgett's attorney asked the same witness virtually the same question and the wit-

**620**

ness's reply was the same as he gave on direct examination. In response to both questions and answers, the witness only told the court who was with him. Prosecutor's name was mentioned with one other person. Nothing was related to the jury other than the prosecutor's presence.

At no time did the prosecutor attempt to add credence to any evidence simply because of his presence. The prosecutor was neither called as a witness in the case nor was it established that he did actually observe the development of events leading up to the arrest of the appellant. We hold that this is not bolstering.

 In further support of this ground of error, Burgett would assert disciplinary rules 5–101 and 5–102 as set forth in Tex. Rev.Civ.Stat.Ann. art. 12, sec. 8. Both rules set forth deal with an attorney accepting employment in cases when it is obvious that he or his law firm may be called as a witness. We do not believe these rules apply in the instant case. The rules set forth by Burgett apply in civil cases and other matters, but cannot be construed to conflict with the district attorney's duties as prescribed in V.A.C.C.P. art. 2.01. Burgett's fifth ground of error is overruled.

Burgett's sixth ground of error asserts that he was denied due process of law because the prosecutor presented evidence which he should have known was false.

 A vial of Deosyxn pills were found on Burgett at the time of his arrest. Burgett alleges that these pills were a prescription for his wife. In a prosecution for possession of illegal drugs or narcotics, other illegal drugs or narcotics found at the same time and place are admissible since they are a part of the same transaction. *Tyra v. State*, 496 S.W.2d 75 (Tex.Cr.App. 1973). It was incumbent upon Burgett to raise a proper defensive theory for having possession of these other drugs. Burgett's sixth ground of error is overruled.

Finding no reversible error, the judgment is affirmed.