James Larry McGLOTHLIN, Appellant,

v.

The STATE of Texas, State.

No. 2–91–343–CR.

Court of Appeals of Texas, Fort Worth.

April 21, 1993.

Rehearing Denied June 30, 1993.

---

Law Offices of Dean A. Sanders, and Dean A. Sanders, Wichita Falls, for appellant.

Jack A. McGaughey, Dist. Atty., Montague, for the State.

Before HILL, C.J., and FARRIS and HOPKINS (Retired), Sitting by Assignment, JJ.

## OPINION

FARRIS, Justice.

James Larry McGlothlin appeals his jury conviction for possession of a controlled substance, claiming the trial court erred in refusing to submit his requested instruction concerning illegally obtained evidence, and in submitting a charge he alleges did not require a finding that he intentionally and knowingly possessed the contraband. Because McGlothlin failed to raise a fact issue on the legality of the search and because the court charged the jury properly, McGlothlin's points are overruled and the trial court's judgment is affirmed.

A patrolman pulled over McGlothlin and his passenger because there was no light illuminating the rear license plate of his vehicle which is a violation of the law. With the vehicle stopped, the officer observed other violations including: (1) two inspection stickers taped together to appear as one; (2) two vehicle identification numbers; (3) license plates registered to another vehicle; and (4) no proof of financial responsibility. At the scene, the officer arrested McGlothlin for: (1) failing to maintain financial responsibility; (2) displaying a fictitious motor vehicle inspection certificate; and (3) displaying a fictitious registration. McGlothlin was later arrested for DWI and possession of a controlled substance.

After McGlothlin's arrest, the officer turned his attention to the passenger, Sharon McDaniel, who identified herself as Janet Wright. Because the vehicle was not properly registered and because the officer knew McDaniel's true identity and that her license had been suspended, the vehicle was impounded. An inventory of the contents of the vehicle was made at the stop site. In the course of the inventory, the officer found amphetamine in a bottle in the glove box.

In his first point, McGlothlin complains the inventory was an illegal pretext search and his requested special interrogatory and instruction on the issue should have been submitted to the jury.

■ A defendant has the right to a jury instruction whenever a *fact issue* is raised concerning the legality of the State's means of acquiring evidence. TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp. 1993); *Burgett v. State*, 646 S.W.2d 615, 619 (Tex.App.—Fort Worth 1983, pet. ref'd). McGlothlin contends that because McDaniel's testimony contradicted the officer's, he was entitled to the requested instruction. Although McGlothlin's assertion that McDaniel's testimony contradicted that of the officer is correct, he is incorrect in his assertion that her contradictory testimony raised a fact issue concerning the legality of the search.

■ McDaniel's testimony there was no odor of phenylacetic acid and McGlothlin did not block the officer's view of the glove box, did not raise a fact issue on the legality of the search because McGlothlin's arrest and the inventory were not based on this smell or on McGlothlin's blocking action. Also, McDaniel's testimony the officer did not know who she was until she told him her real name sometime after the inventory, is irrelevant to the legality issue because the vehicle still would have been impounded and inventoried because of the misidentification. Additionally, since the officer's testimony that he did not search the vehicle until after he arrested McGlothlin and identified the passenger as Sharon Kay McDaniel was uncontradicted, McDaniel's testimony that the officer inspected the car while he was alone and before the other officers arrived, does not raise a fact issue as to whether the evidence was obtained legally. In substance, McDaniel's testimony only raised the issue of whether McGlothlin was acting strangely at the arrest scene, and therefore, McGlothlin was not entitled to his requested instruction. Point one is overruled.

■ In his last point, McGlothlin complains the court's charge allowed the jury to convict him on a lesser mens rea than that required by law and the indictment.

The court's charge contained the following paragraphs:

**PARAGRAPH 1:**

With respect to the "possession" charged, you are instructed that such possession is a voluntary act if the possessor *knowingly* obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

**PARAGRAPH 2:**

To warrant a conviction of the defendant in this case ... you must also find beyond a reasonable doubt that the defendant voluntarily had the amphetamine, if any, in his possession.

**PARAGRAPH 3:**

Now if you find from the evidence beyond a reasonable doubt that ... the defendant, James Larry McGlothlin, did *intentionally or knowingly* possess a controlled substance ... then you will find the defendant guilty as charged. [Emphasis added.]

Concentrating only on paragraph 2, McGlothlin contends the charge allowed the jury to convict him by believing he voluntarily possessed a substance he did not know was contraband. But when the term voluntary is viewed in context, it becomes apparent that the court's charge does no such thing.

In paragraphs 1 and 2, the court merely defines possession. It is paragraph 3 that applies the law to the facts, and there is no confusion here of the mens rea required to convict because the words intentionally and knowingly are used. *See Gonzales v. State*, 706 S.W.2d 764, 766 (Tex.App.—San Antonio 1986, pet. ref'd). Because the charge, as submitted, instructed the jury to convict on the required mens rea, McGlothlin's second point is overruled.

Judgment affirmed.